■ MORRIS OIL SERVICES, INC., Respondent, v. MINA BERGMAN, Appellant.— In an action to recover for fuel oil sold and delivered and for repairs of heating equipment, defendant appeals from an order of the Supreme Court, Nassau County, dated May 18, 1971, which denied her motion (1) to be relieved of a preclusion order (granted by default) with respect to her counterclaim, (2) to permit her to amend her bill of particulars, (3) to permit her to further examine plaintiff before trial and (4) to permit her, if the court determines that plaintiff is entitled to a further bill of particulars, to serve the same after the afore-mentioned examination is held. Order affirmed, with $20 costs and disbursements, unless defendant stipulate to pay plaintiff, within 20 days after service of a copy of the order to be made hereon, with notice of entry, $100 plus the costs and disbursements of the action to the date of said order, in addition to $250 for plaintiff's attorney fees for services in opposing defendant's motion and this appeal and for appearing in the new examination before trial sought by defendant, in which event the order appealed from is reversed, with $20 costs and disbursements to plaintiff, and defendant's motion is granted to the extent of (1) relieving defendant of the preclusion order, (2) permitting defendant to amend her bill of particulars with respect to her counterclaim by deleting item "1" thereof, which purported to withdraw defendant's first counterclaim, (3) permitting defendant to further examine plaintiff before trial as to all matters material and necessary with respect to plaintiff's complaint and defendant's affirmative defense and counterclaims and (4) permitting defendant to serve, pursuant to plaintiff's May 27, 1970 demand, a further bill of particulars with respect to defendant's counterclaims after the examinations herein permitted, or to oppose such demand on the merits. In our opinion, since defendant's default in opposing plaintiff's motion to preclude can be attributed to her substitution of attorneys, and in the absence of any proof of prejudice to plaintiff, it was an improvident exercise of discretion to deny defendant's motion and defendant is entitled to be relieved of the effects of preclusion. In view, however, of the fact that defendant's default was directly responsible for plaintiff's necessity to oppose defendant's motion and the instant appeal, the imposition of costs and disbursements to date and attorney fees is warranted (see *Dahlem* v. *Universal School Bus Leasing*, 35 A D 2d 992; *Maglieri* v. *Saks*, 33 A D 2d 898; Siegel, Supplementary Practice Commentary on CPLR 3042, in McKinney's Cons. Laws of N. Y., Book 7B, vol. for CPLR 2201–3100, Pocket Part 1970–1971, pp. 250–252). With respect to the additional relief requested by defendant, we feel that Special Term's denial was

also improper, in view of the liberal disclosure provisions in the CPLR and the well-settled principle that amendments to a bill of particulars are freely allowed unless they prejudice the opposing party. Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur.