■ JOHN DWORETZKY, Appellant, v STANLEY M. BALL, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered September 10, 1974 in Albany County, which granted a motion by defendant to dismiss the complaint pursuant to CPLR 3012 (subd [b]). On March 9, 1972 a summons was served upon the defendant in plaintiff's action based upon alleged medical malpractice which resulted in the death of plaintiff's father. On July 23, 1973, no complaint having been served, defendant moved for dismissal pursuant to CPLR 3012 (subd [b]). Plaintiff cross-moved to compel acceptance by defendant of a proposed complaint. Upon hearing both

applications, an order was issued by Special Term on January 24, 1974, granting defendant's motion to dismiss unless within 60 days from service of said order, plaintiff submitted to the court and the defendant a proper affidavit of merit by a qualified medical expert reciting facts demonstrating a meritorious cause of action. Said order was served on plaintiff's attorney on February 14, 1974, and defendant filed a notice of appeal therefrom on March 11, 1974. After the 60-day conditional period expired without service of an affidavit of merit as required by the order of January 24, 1974, the defendant moved for an order finally dismissing the action. Such an order was granted, and is the subject of the present appeal. Plaintiff contends that the filing of a notice of appeal from the order of January 24, 1974 effected a stay of said order pending the appeal. This contention is erroneous. The circumstances under which enforcement of an order pending appeal is stayed without court order are set forth in CPLR 5519 (subd [a]) and do not include the factual situation here presented. A stay in a case not covered by subdivision (a) can only be obtained by court order pursuant to CPLR 5519 (subd [c]) and no such stay was sought by plaintiff. Moreover, plaintiff did not itself appeal from the January 24, 1974 order, and thereby did not contest the requirement of service of an affidavit of merit. It is obvious that because of the statutory 30-day time limit for taking an appeal, defendant was required to file a notice of appeal prior to the expiration of the conditional period so as to preserve its right to appeal the first order. Plaintiff cannot benefit thereby. Moreover, in opposing defendant's motion to dismiss for failure to serve an affidavit of merit within 60 days, plaintiff did not even urge that a satisfactory affidavit of merit was or could have been made available. Order affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.