■ DEACON'S BENCH, INC., et al., Appellants, v PAUL HOFFMAN, Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered August 25, 1981 in Schenectady County, which granted defendant's motion to dismiss the third amended complaint. This is an action by a tenant to recover damages against a landlord for, *inter alia,* alleged breach of a lease, slander, tortious interference with a contract, and prima facie tort. In two prior orders, Special Term had dismissed the third and fifth causes of action with

prejudice and granted leave to replead the second cause of action within 30 days of service of an order dated August 30, 1980. On March 31, 1981, this court granted defendant's motion to dismiss plaintiffs' appeal from the order unless said appeal was perfected by May 1, 1981. In lieu of perfection, plaintiffs served a third amended complaint in reliance upon the leave to replead contained in Special Term's order. Contending that service was more than seven months beyond the 30-day extension, defendant rejected the third amended complaint and again moved at Special Term to dismiss. By order dated August 19, 1981, Special Term dismissed the third amended complaint as untimely, giving rise to this appeal. The order should be affirmed. Plaintiffs' initial argument is that defendant's failure to properly substitute counsel should nullify all actions taken by its new attorneys (see CPLR 321; *Dobbins v County of Erie,* 58 AD2d 733). Although a consent to change was not timely filed (CPLR 321, subd [b]), the record shows that on May 5, 1980, defendant's original attorney wrote plaintiffs' attorney advising of the substitution and that plaintiffs' attorney at all times thereafter dealt with the substituted attorney without objection, including service upon him of the notice of appeal herein and of the proffered third amended complaint. We find the cases relied upon by plaintiffs to be factually distinguishable and that no prejudice resulted from the lack of proper substitution of attorney. More significant is the fact that the subject attack upon the allegedly improper substitution was raised for the first time in plaintiffs' brief and oral argument on this appeal. No useful purpose would be served by nullification of all procedures since substitution. Defendant contends that a stipulation of substitution has now been filed which we elect to treat *nunc pro tunc,* effective May 5, 1980 (see *Palmer v Palmer,* 62 Misc 2d 73). We further hold that Special Term correctly dismissed the third amended complaint served approximately seven months after expiration of the 30-day period granted by Special Term. Plaintiffs' belief that filing a notice of appeal effected an automatic stay in untenable. The provisions of CPLR 5519 (subd [a]) are not here applicable (see *Dworetzky v Ball,* 50 AD2d 615). Plaintiffs have neither moved for a stay pursuant to CPLR 5519 (subd [c]) nor demonstrated a valid excuse for failure to timely comply with the order. Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.