■ FRANK J. LIVOTI et al., Appellants, v MARY J. F. MALLON, Respondent. — Order, Supreme Court, Nassau County (Altimari, J.), entered March 4, 1982, adhering on reargument to an earlier order, entered February 3, 1982, which

had granted defendant summary judgment dismissing this action, unanimously modified, on the law, with costs, defendant's motion denied, and plaintiffs' cross motion for summary judgment for the value of the use and occupancy of the premises granted, damages to be determined upon assessment in Supreme Court, Nassau County, and otherwise affirmed. Plaintiffs contracted to purchase certain Long Island residential realty from defendant. When defendant breached the contract, plaintiffs successfully sued for specific performance in November, 1980. Defendant filed a notice of appeal on December 5 of that year. Plaintiffs' motion for an order directing conveyance of the premises pursuant to the specific performance order was then denied on January 12, 1981, on condition that defendant post an undertaking in the amount of $7,500 in accordance with CPLR 5519 (subd [a], par 6). Plaintiffs won affirmance on the appeal in April, 1981 (81 AD2d 533), and leave to further appeal was denied on June 18 (54 NY2d 601). Four days later defendant obtained from the Nassau County Treasurer the return of the undertaking upon ex parte application, supported solely by our order affirming on appeal the direction for specific performance. Release of the undertaking under such circumstances was contrary to the provisions of CPLR 2606 and 2607. Plaintiffs thereupon commenced this action for damages for deprivation of the use, possession, enjoyment, operation and control of the subject premises. Both sides then moved for summary judgment, but not before title closed and passed to plaintiffs in exchange for cancellation of the *lis pendens* which had been filed at the commencement of the action for specific performance. Special Term dismissed this action on the grounds that the title closing settled all claims between the parties, including the remedy sought herein, and that this action merely sought damages "due to defendant's use of the appellate process." Such was a misreading of the purpose of the undertaking. CPLR 5519 (subd [a], par 6) clearly provides that where a party in control of contested realty posts an undertaking to secure the property pending his appeal, that party, if and when the appeal is affirmed, "shall pay the value of the use and occupancy of such property * * * from the taking of the appeal until the delivery of possession of the property". Aside from the fact that the date of closing, under the statute, constitutes the termination of use and occupancy, the subject of the instant action is unrelated to the prior action for specific performance, and thus is unaffected by the title closing which effectuated the conveyance of the premises. Further, Special Term's view of this action as somehow a penalty for "use of the appellate process" overlooks the theory underlying the requirement for posting an undertaking, namely, entitlement to recover damages for withholding of property during the pendency of litigation contesting title thereto (13 Carmody-Wait 2d, NY Prac, § 89:8). Plaintiffs are entitled to damages from December 5, 1980 (the date the appeal was taken) until August 28, 1981 (the date of closing). Concur — Markewich, J. P., Silverman, Bloom, Fein and Alexander, JJ.