■ WARREN JUERS, Respondent, v GERARD BARRY et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Orange County (Donovan, J.), dated August 20, 1984, which granted plaintiff's motion to vacate a prior conditional order of preclusion of the same court (Buell, J.).

Order affirmed, with costs.

Plaintiff's delay in serving a bill of particulars pursuant to a conditional order of preclusion was attributable to plaintiff's substitution of attorneys, the fact that plaintiff's former attorney failed to forward a copy of the order of preclusion to plaintiff's new attorneys, and the fact that defendants' attorneys failed to inform plaintiff's substituted attorneys of the entry of the conditional order of preclusion until after the bill of particulars was served, even though plaintiff's substituted attorneys were in contact with defendants' attorneys. Moreover, the length of the delay in serving the bill of particulars was minimal, plaintiff's injuries were serious, and defendants suffered no prejudice as a result. Under these circumstances, Special Term did not abuse its discretion in vacating the conditional order of preclusion *(see, e.g., Goussous v Modern Food Mkt.,* 93 AD2d 417; *Batista v St. Luke's Hosp.,* 46 AD2d 806; *Morris Oil Servs. v Bergman,* 37 AD2d 862; CPLR 2005, 3012 [d]; 5015 [a]).

Plaintiff's motion need not have been made before the same Judge who signed the conditional order of preclusion, because that order was entered upon the default of plaintiff's prior attorney (CPLR 2221; *see, Claudio v Lefrak,* 100 AD2d 837,

*appeal dismissed* 64 NY2d 756; *Conklin v Conklin,* 90 AD2d 817). Plaintiff's motion to vacate the conditional preclusion order was timely because it was made within one year of service of a copy of the order, with notice of entry (CPLR 5015 [a]). Finally since plaintiff's substituted attorneys and defendants' attorneys had oral and written communications prior to the service of a formal consent to change attorneys, the actions of the substituted attorneys prior to the service of the consent to change attorneys should not be nullified *(see, Dobbins v County of Erie,* 58 AD2d 733; *cf. Deacon's Bench v Hoffman,* 88 AD2d 734). Lazer, J. P., Gibbons, Eiber and Kunzeman, JJ., concur.