■ J. ALAN REID, Appellant-Respondent, v JANICE M. REID, Respondent-Appellant. RICHARD I. MULVEY, Nonparty Respondent.—Casey, J. Appeals (1) from an order of the Supreme Court (Crew, III, J.), entered October 26, 1989 in Chemung County, which, *inter alia,* granted defendant's motion for counsel fees, (2) from an order of said court, entered October 26, 1989 in Chemung County, which, *inter alia,* granted the motion of defendant's attorney for payment of his counsel fees, (3) from an order of said court, entered March 15, 1990 in Chemung County, which, *inter alia,* denied defendant's cross motion to reopen the issue of reasonableness of counsel fees, and (4) cross appeals from an order of said court, entered July 19, 1988 in Chemung County, which, *inter alia,* granted defendant's cross motion for interim counsel fees.

The underlying divorce action was commenced by plaintiff in March 1986. Richard I. Mulvey was substituted as defendant's counsel in April 1987. Defendant was apparently ready for trial in July 1988, but plaintiff's counsel moved for leave to withdraw, which was granted, and in response defendant cross-moved for a pendente lite award of appraisal fees, accounting fees and counsel fees. In a decision dated July 13, 1988, Supreme Court concluded that plaintiff should pay defendant $3,000 for appraisal fees, $2,537.50 for accounting fees and $15,000 for counsel fees. The court characterized the awards as temporary in nature and not intended to preclude defendant from establishing additional and further amounts. The parties have cross-appealed from the resulting order entered July 19, 1988.

Although there was extensive discovery, motion practice and correspondence, the parties ultimately entered into a stipulation that settled all of their differences regarding maintenance, support and equitable distribution except for four

matters. Supreme Court heard testimony as to three of the matters on several days in August and September 1988 and resolved those matters in a decision which, pursuant to the stipulation, was not subject to further review. As to the fourth matter, defendant's request for legal and expert fees, the court rendered a decision dated August 15, 1988 which found the fair and reasonable value of Mulvey's services, together with disbursements, to be $54,478.40. Supreme Court concluded that plaintiff was responsible for one half of that amount but that he should be credited with the $15,000 in temporary counsel fees previously awarded to defendant. Plaintiff was also directed to pay defendant $4,037.50 in accounting fees for which plaintiff was to be credited with the $2,537.50 previously granted in the temporary award. No additional expert fees were awarded.* The resulting order was entered October 26, 1989, and plaintiff has taken an appeal from this order.

A second order, from which defendant has taken an appeal, was also entered on October 26, 1989, granting Mulvey's motion to compel defendant to pay the legal fees and disbursements due and owing to Mulvey as a result of his representation of defendant in the matrimonial action. This order was based upon a decision dated August 17, 1989 wherein Supreme Court found the fair and reasonable value of Mulvey's services to be $60,754.48, which represented the $68,251.98 requested by Mulvey less certain adjustments made by the court. The different amounts in the two orders entered October 26, 1989 are apparently the result of some additional services having been performed by Mulvey after the date used by the court in determining plaintiff's liability for defendant's counsel fees. Defendant also appeals from an order entered March 15, 1990 which denied her motion to reopen the counsel fee issue.

Turning first to the interim order which made temporary awards of legal fees and expert fees, we are of the view that the parties' cross appeals are moot. The final award of counsel fees and expert fees, embodied in one of the orders entered October 26, 1989, clearly included the services rendered during the time frame encompassed by the interim order, and plaintiff was credited with the amounts awarded in the interim order. Even if we were to vacate or modify the interim order, the parties' rights and liabilities, as fixed by the final

---

* In keeping with its award of counsel fees and accounting fees, we are of the view that Supreme Court's reference to no additional expert fees meant that plaintiff was entitled to the appraisal fees previously awarded in the temporary award, but that no additional award was warranted.

order, would not be affected. Accordingly, the cross appeals from the order entered July 19, 1988 should be dismissed.

Turning next to defendant's appeal from the order fixing the fair and reasonable value of the legal services rendered by Mulvey, this court has said: "Although the Appellate Division's discretionary authority to award counsel fees and the amount thereof is as broad as that of the trial court * * * the latter is obviously in a far superior position to judge those factors integral to the fixing of counsel fees such as the time, effort and skill required; the difficulty of the questions presented; the responsibility involved; counsel's experience, ability and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" *(Shrauger v Shrauger,* 146 AD2d 955, 956, *appeal dismissed* 74 NY2d 844). Nevertheless, we have not hesitated to exercise our discretion in an appropriate case *(see, e.g., Matter of Gutchess,* 117 AD2d 852, *lv denied* 68 NY2d 609), and we find this to be an appropriate case.

Instead of focusing on the relevant factors set forth above, it appears that Supreme Court used the $110-per-hour fee contained in the retainer agreement and accepted, with minor adjustments, Mulvey's computerized billing sheets showing the time actually spent by him on defendant's behalf. Our review of these records reveals some serious questions regarding the reasonableness of the charges. For example, it appears that Mulvey spent approximately one third of the billable hours on the telephone or traveling. No reason is given for a number of the trips, and on at least six occasions, totaling more than 31 hours, Mulvey accompanied various appraisers in order to give them legal advice in the event that plaintiff sought to interfere. Instead of focusing on the time actually spent by Mulvey and attempting an item-by-item analysis of his bill, the fairness and reasonableness of the requested fee should be measured by reference to the factors listed in *Shrauger v Shrauger (supra).*

There is no question regarding Mulvey's experience, ability and reputation, and the responsibility involved in his representation of defendant was substantial. Although Supreme Court accepted the $110-per-hour fee as customary, there is nothing in the record to establish that the total fee sought by Mulvey is the customary fee in the locality for a matrimonial action of this type, and the requested fee strikes us as unusually high. Some of the issues involved in this case were not routine, but we do not find them to be so numerous and complex as to justify an unusually high fee. Supreme Court

characterized the case as "protracted and inordinately contentious". Most of the issues however, were settled by stipulation, with a relatively brief trial limited to three issues, and bitterness between the parties to a matrimonial action is not uncommon. What is unusual is that in this case, Mulvey and plaintiff's former attorney apparently allowed that bitterness to infect their dealings with each other. Mulvey contends that the requested fee is justified by the size of the award received by defendant, but we are of the view that defendant's award is in the range of what would be expected from reasonably competent legal representation. Based upon our review of the record in light of the relevant factors, we conclude that the fair and reasonable value of the legal fee, including disbursements, should not exceed $45,000. Thus, we exercise our discretion to limit Mulvey's fee to that amount.

Next, we see no reason to disturb Supreme Court's award of 50% of defendant's counsel fees to defendant, but we conclude that the $45,000 figure referred to above should be used in the calculation. Accordingly, plaintiff is liable to defendant for $22,500 in counsel fees, with a credit for the $15,000 fee awarded in the interim order. We see no reason to disturb the award of expert fees, and there is no merit in defendant's appeal from the order denying her motion to reopen the counsel fee issue.

We note that in addition to a decretal paragraph fixing the fair and reasonable value of Mulvey's fee, each of the orders entered October 26, 1989 contains a number of other decretal paragraphs which evolve from or relate to the earlier decretal paragraph. Because Supreme Court is in a better position to make the various modifications required by our holding that the fair and reasonable value of Mulvey's fee, including disbursements, must be limited to $45,000, the matter should be remitted to Supreme Court for that purpose.

Cross appeals from order entered July 19, 1988 dismissed, as moot, without costs.

Orders entered October 26, 1989 reversed, on the law and the facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.

Order entered March 15, 1990 affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.