*404 OPINION OF THE COURT
John W. Grow, J.
This action was commenced by the plaintiffs for specific performance of a contract to purchase certain real property from defendants. After a trial before the Supreme Court, without a jury, a written decision was issued by Honorable James P. O’Donnell on April 10, 1990, wherein the plaintiffs were granted specific performance of the contract.
Pursuant to an order and judgment entered on May 14, 1990, the defendants were directed to specifically perform the contract between the parties and the defendants were ordered to execute and deliver all the appropriate documents, including a warranty deed for the premises with the required governmental stamps affixed thereto, necessary to effectuate the real property transfer to plaintiffs in accordance with the contract. Defendants’ notice of appeal from that order and judgment was duly filed on June 11, 1990.
The defendants then brought a motion by notice of motion dated July 20, 1990, requesting the court to fix the sum of an undertaking, pursuant to CPLR 5519 (a) (6),[1] a necessary requisite to automatically stay all proceedings to enforce the judgment pending appeal.[2]
The plaintiffs, by cross motion dated August 9, 1990, seek an order compelling defendants to comply with the original order and judgment entered on May 14, 1990, and further seek to hold defendants in contempt for their failure to comply with the order and judgment. They also request sanctions and attorney’s fees pursuant to 22 NYCRR part 130.
The defendants contend that Justice O’Donnell should have determined the appropriate sum of an undertaking. Apparently the posting of an undertaking was discussed before Justice O’Donnell, but the defendants never brought a formal motion to set the undertaking prior to the filing of their notice of appeal.
*405 Additionally, the defendants requested from Justice O’Donnell a stay pending appeal. This request was denied without prejudice to apply for such relief from the Appellate Division. Such application was denied by the Appellate Division, Fourth Department, by order dated July 13, 1990.
At oral argument of the instant motions, heard by this court on August 30, 1990, defendants’ counsel stated a motion was pending before the Appellate Division seeking reargument and a clarification of the July 13, 1990 order. This court granted an adjournment of the instant motions pending reargument before the Appellate Division. On October 5, 1990, the defendants’ motion for a stay pending appeal was again denied by the Appellate Division (166 AD2d 932).
An appeal as of right must be taken within 30 days of the judgment or order appealed from, as provided in CPLR 5513. Filing a notice of appeal does not in itself effect a stay of the judgment or order appealed from. (Dworetzky v Ball, 50 AD2d 615.)
CPLR 5519 (a) (7), the applicable provision in this case, provides that
"[s]ervice upon the adverse party of a notice of appeal * * * stays all proceedings to enforce the judgment or order appealed from pending the appeal * * * where * * *
"the judgment or order directs the performance of two or more of the acts specified in subparagraphs two through six and the appellant or moving party complies with each applicable subparagraph.”
In support of their motion the defendants contend that there is no necessity that the conditions required for an automatic stay pursuant to CPLR 5519 (a) be perfected during the 30-day appeal period, citing Livoti v Mallon (91 AD2d 899). The plaintiffs contend that to effect a stay of enforcement proceedings CPLR 5519 (a) requires an appellant to comply with specific conditions contemporaneously with the service of a notice of appeal.
The court notes that in Livoti (supra), the issue for appellate review involved the release of a posted undertaking. The issue of the timeliness of posting the undertaking was not addressed by the appellate court; thus, the Livoti case does not stand for the proposition advanced by the defendants.
This court has found no reported case involving the time within which the conditions imposed by paragraphs (2) through (6) of CPLR 5519 (a) must be performed. However, a *406 careful review of the statutory language mandates the conclusion that defendants were required to comply with both CPLR 5519 (a) (5) and (6), prior to or contemporaneously with the service of the notice of appeal (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5519:2, at 185).
Defendants’ motion for an order fixing the sum of an undertaking pursuant to CPLR 5519 (a) (6) is denied because of untimeliness and the prior orders of the Appellate Division.
Plaintiffs’ cross motion for an order compelling defendants to comply with the original order and judgment is granted. Defendants are directed to deliver to plaintiffs’ counsel all appropriate closing documents detailed in the original order and judgment entered on May 14, 1990, within 20 days of service upon defendants’ counsel of an order of the court embodying this decision.
Because the Appellate Division has previously denied on two occasions the relief sought by the defendants, this court declines to issue a court-ordered stay pursuant to CPLR 5519 (0.
Plaintiffs’ motion for an order holding defendants in contempt and for sanctions and attorney’s fees is denied. The application to punish defendants for a civil contempt did not contain the requisite notice. (Judiciary Law § 756.) However, in the event of defendants’ failure to comply with the order embodying this decision, plaintiffs may again seek further relief.

. The instant motion is before this Justice because of the retirement of Honorable James P. O’Donnell on June 1,1990.

. Apparently no undertaking was posted by defendants, nor were any instruments executed and deposited in the office of the Oneida County Clerk pursuant to CPLR 5519 (a) (5). The court does note, however, that on October 12,1990, defendants filed a warranty deed to the premises, together with a real property transfer gains tax affidavit, with the County Clerk. This filing was well beyond the requisite 30-day period to file a notice of appeal of the lower court’s decision.