■ In the Matter of JULIUS M. GERZOF et al., Appellants, v JACK COONS, Respondent.—In a proceeding, *inter alia,* pursuant to Business Corporation Law § 1104-a to dissolve two closely held corporations in which the majority shareholder, Jack Coons, elected to buy out the petitioners' interests pursuant to Business Corporation Law § 1118, the petitioners appeal from an order of the Supreme Court, Nassau County (Brucia, J.), dated March 21, 1990, which denied their motion, *inter alia,* to vacate the appointment of a Referee and for certain discovery.

Ordered that the order is affirmed, with costs.

The petitioners waived appellate review of the issue of whether the Supreme Court's appointment of a Referee to determine the fair value of their shares in the two corporations was proper. On the petitioners' prior appeal from an order dated June 14, 1989, which, *inter alia,* appointed the Referee, the petitioners did not raise any issue concerning his appointment *(see, Matter of Gerzof v Coons,* 168 AD2d 619; *see also, Davis v Sapa,* 107 AD2d 1005); nor have the petitioners set forth any new facts to warrant vacatur of the appointment.

We decline to address the remaining issues as to whether the petitioners were entitled to certain disclosure regarding the experts expected to testify, since the valuation hearing has

commenced and the experts in question have testified. If the petitioners believe they are aggrieved by any judgment entered following the hearing before the Referee, they may, if they are so advised, seek review of the issue of any alleged discovery error upon the appeal from the judgment if such an alleged error affects the outcome of the suit. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.