■ HOUSING HELP, INC., Respondent-Appellant, v KASPER-STALLER VENTURE et al., Appellants-Respondents, ESTATE OF MAX STALLER, Respondent, and GREENLAWN-ELWOOD HOLDING, INC., Intervenor-Appellant-Respondent. [601 NYS2d 952] —In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants Benjamin Kasper and the Kasper-Staller Venture and the intervenor-defendant Greenlawn-Elwood Holding, Inc., appeal from stated portions of an amended judgment of the Supreme Court, Suffolk County (Luciano, J.), entered March 17, 1992, which, inter alia, after a nonjury trial, granted specific performance to the plaintiff, awarded the plaintiff use and occupancy damages, and awarded damages to the defendant estate of Max Staller on its cross claim, and the plaintiff Housing Help, Inc., cross-appeals from so much of the same judgment as denied its claim for

damages consisting of the rental value of the subject premises for the period from January 17, 1990, the date of the trial, to the date of delivery of the deed, and which denied its request to allow the damages to be set-off in reduction to the purchase price.

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof which directs the plaintiff to pay interest on the amount of the purchase money mortgage that the plaintiff was to have executed at the closing of title at the rate of interest provided in the contract of sale for the period from April 28, 1986, to April 27, 1991, and substituting therefor a provision directing the plaintiff to pay interest on the amount of the purchase money mortgage at the rate of interest provided in the contract of sale for the period April 28, 1986, to January 17, 1990, (2) deleting the provision thereof which directs the plaintiff to pay interest on the difference between the gross purchase price and the amount of the purchase money mortgage at the rate of 9% per annum for the period April 28, 1986 to April 27, 1991, and substituting therefor a provision directing the plaintiff to pay interest on that difference at the rate of 9% per annum for the period April 28, 1986, to January 17, 1990, (3) adding a provision thereto permitting the plaintiff to set-off the damages awarded to it against the purchase price to be paid, and (4) deleting the provision thereof that directs delivery of the deed on February 28, 1992; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the time for delivery of the deed to the plaintiff is extended until 30 days after service upon the appellants of a copy of this decision and order, with notice of entry.

The plaintiff, Housing Help, Inc., is a not-for-profit corporation dedicated to providing affordable housing. Toward that end, it sought to purchase a 14.574 acre parcel of real property located in Huntington and owned by the defendant Benjamin Kasper and the decedent Max Staller. It was the intention of Housing Help, Inc., to utilize the property for multiple dwelling purposes.

In January 1980, Housing Help, Inc. entered into an option agreement for the purchase of the subject property with the defendant Kasper-Staller Venture. The agreement stated that the option would continue until April 1, 1983, except in the event that Housing Help, Inc., commenced a lawsuit for a declaratory judgment or permanent injunction to permit it to utilize the subject property for multiple dwelling purposes. In

that event, and provided that the plaintiff continued to make the bi-annual option payments due April 1 and October 1 of each year, the option would continue until the conclusion of the lawsuit and any and all appeals. The plaintiff initiated a lawsuit in connection with the subject property on February 23, 1981. This lawsuit, including all appeals, concluded in 1989.

By letter dated February 27, 1986, the plaintiff exercised its option to purchase the property and scheduled a closing for March 31, 1986. The defendant Benjamin Kasper, in his response letter of March 3, 1986, stated that the plaintiff's exercise of its option was totally unacceptable to him. The adjourned closing, scheduled for April 28, 1986, never occurred, and the plaintiff has not paid any consideration since the period commencing April 1, 1986.

Contrary to the argument asserted by the defendants-appellants and the intervenor-defendant Greenlawn Elwood Holding, Inc. (which purchased Benjamin Kasper's one-half interest in the subject property in November 1989), we find that the plaintiff validly exercised its option on February 27, 1986, under the terms of the agreement, and that by his letter of March 3, 1986, Benjamin Kasper effectively repudiated the terms of that agreement. Therefore, the plaintiff, as the aggrieved party, was not obligated to tender any further performance. This excused its nonpayment of the option consideration (see, L.I.C. Commercial Corp. v Zirinsky, 142 AD2d 713; Allbrand Discount Liqs. v Times Sq. Stores Corp., 60 AD2d 568).

Moreover, contrary to the intervenor's assertion, the agreement does not violate the rule against perpetuities. The agreement clearly provided that the option was to last until April 1, 1983, unless the plaintiff commenced a lawsuit, in which case the option would continue until the lawsuit had concluded. This provision gave rise to the statutory presumption under EPTL 9-1.3 (d), which provides that where the duration or vesting of an estate is contingent upon the occurrence of any specified contingency, it shall be presumed that the creator of such estate intended the contingency to occur, if at all, within 21 years from the effective date of the instrument creating the estate (see, Scutti Enters. v Wackerman Guchone Custom Bldrs., 153 AD2d 83).

We further find that the plaintiff was entitled to the value of the use and occupancy of the subject property for the period from April 28, 1986, to January 17, 1990 (see, Worrall v Munn, 38 NY 137; Cohn v Mezzacappa Bros., 155 AD2d 506, 508), and

that there was ample proof in the record to support the award of damages assessed against Benjamin Kasper. Moreover, contrary to the court's determination, we find that the plaintiff should be permitted to set off these damages against the purchase price, since the intervenor acquired its interest in the subject property from the defendants-appellants, after the plaintiff had commenced the instant action. Therefore, the intervenor was fully aware that Housing Help, Inc., might be awarded such damages and purchased an interest in the subject property at its own peril *(see generally,* 80 CJS, Set-Off and Counterclaim, § 48).

Finally, we find that the court correctly awarded damages to the estate of Max Staller on its cross claim. The record clearly shows that the defendants-appellants' refusal to acknowledge the validity of the plaintiff's exercise of its option was not shared by Staller and was in contradiction to legal advice rendered at the time *(see, Birnbaum v Birnbaum,* 73 NY2d 461; *Meinhard v Salmon,* 249 NY 458, 468; *Alizio v Perpignano,* 176 AD2d 279). Thompson, J. P., Miller, Eiber and Santucci, JJ., concur.