■ ELLEN REICH, Respondent-Appellant, v GERALD I. REICH, Appellant-Respondent. [657 NYS2d 671] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered January 16, 1997, which in an action for divorce, granted defendant's motion for partial summary judgment to the extent of dismissing plaintiff's first cause of action for intentional infliction of emotional distress and limiting her third and fourth causes of action for fraud in the inducement and rescission of the parties' postnuptial agreement on the grounds of false representations, inadequate financial disclosure, lack of competent counsel and mental disability due to spousal abuse to the last mentioned ground only, and granted plaintiff's cross motion to amend her complaint to add a cause of action under the Federal Violence Against Women Act (42 USC § 13981) but stayed all proceedings relative thereto pending the outcome of the mental disability claim, unanimously affirmed, without costs.

The affidavits of plaintiff and her witnesses are sufficient to raise an issue as to whether the subject postnuptial agreement was the result of plaintiff's mental disability attributable to defendant's overreaching, including physical abuse (cf., Christian v Christian, 42 NY2d 63, 72-73). It is not fatal to plaintiff's claim that her proof did not include police or hospital reports (see, Matter of Pratt v Wood, 210 AD2d 741, 742-743). Nor did plaintiff unduly delay in seeking to repudiate the agreement by waiting $10^1/2$ months after its execution and five months after its effective date. The IAS Court also properly dismissed so much of plaintiff's first cause of action for intentional infliction of emotional distress as is not time-barred by the one-year Statute of Limitations (Misek-Falkoff v International Bus. Machs. Corp., 162 AD2d 211, lv denied 76 NY2d 708), since such a claim is not ordinarily cognizable in the context of a dispute arising out of matrimonial differences (Weicker v Weicker, 22 NY2d 8) and plaintiff has not alleged conduct " 'outrageous' beyond peradventure" (Murphy v Murphy, 109 AD2d 965, 966). The court also properly allowed the Violence Against Women Act cause of action (CPLR 3025 [b]), while prudently staying its prosecution on the ground that the outcome of the mental disability claim might be highly relevant to its viability. Concur—Milonas, J. P., Nardelli, Williams and Tom, JJ.