■ DIANE ELLEN DANKNER, Respondent, v JOHN EDWIN STEEFEL, Appellant. [850 NYS2d 618]—

In an action, inter alia, for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated August 16, 2006, as, upon an order of the same court dated July 12, 2006, made after an inquest, awarding the plaintiff wife compensatory damages, inclusive of an attorney's fee, in the principal aggregate sum of $125,000 on her third cause of action for malicious prosecution, her fourth cause of action for abuse of process, her fifth cause of action for intentional infliction of emotional distress, and her sixth cause of action for reckless infliction of emotional distress, and punitive damages in the principal aggregate sum of $75,000 on those causes of action, is in favor of the plaintiff wife and against him in those principal sums.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff wife compensatory damages, inclusive of an attorney's fee, in the principal aggregate sum of $125,000 on the third, fourth, fifth, and sixth causes of action and substituting therefor a provision awarding the plaintiff wife an attorney's fee in the sum of $9,000 and dismissing the fifth and sixth causes of action, and (2) by deleting the provision thereof awarding the plaintiff wife punitive damages in the principal aggregate sum of $75,000 on the third, fourth, fifth, and sixth causes of action; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The husband contends that causes of action alleging infliction of emotional distress may not be asserted between spouses in a matrimonial action (see Weicker v Weicker, 22 NY2d 8, 11 [1968];

*see also Xiao Yang Chen v Fischer*, 6 NY3d 94 [2005]; *Reich v Reich*, 239 AD2d 246 [1997]). The husband, however, abandoned this contention by failing to raise it in his earlier appeal from an order of contempt dated May 18, 2006 (*see Dankner v Steefel*, 41 AD3d 526 [2007]; *Nassau Point Prop. Owners Assn., Inc. v Tirado*, 29 AD3d 754, 757 [2006]). In that order, the Supreme Court held the husband in contempt for willfully disobeying certain provisions of the parties' July 2005 so-ordered stipulation of settlement and granted those branches of the wife's motion which were for a default judgment on the second, third, fourth, fifth, sixth, and seventh causes of action sounding in tort. In his appeal from the order of contempt, the husband failed to make the argument he now advances. This Court modified the Supreme Court's order of contempt but did not disturb the Supreme Court's granting of a default judgment to the wife.

In any event, at the damages inquest that was later conducted, the wife failed to meet her burden of proving that she sustained compensable damages attributable to the fifth cause of action for intentional infliction of emotional distress and the sixth cause of action for reckless infliction of emotional distress (*see Klinge v Ithaca Coll.*, 235 AD2d 724, 727 [1997]; *Murphy v Murphy*, 109 AD2d 965, 966 [1985]), particularly given the absence of any expert testimony in support of her emotional distress claims (*see Graber v Bachman*, 27 AD3d 986, 987 [2006]; *Tatta v State of New York*, 20 AD3d 825, 826-827 [2005]; *Angel v Levittown Union Free School Dist. No. 5*, 171 AD2d 770, 773 [1991]).

Likewise, the wife was not entitled to an award of punitive damages as such an award is "parasitic" to the substantive causes of action (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616 [1994]), and nevertheless was unwarranted in this instance (*see Randi A. J. v Long Is. Surgi-Ctr.*, 46 AD3d 74 [2007]).

With respect to the third and fourth causes of action alleging malicious prosecution and abuse of process, the husband does not dispute on appeal the award of an attorney's fee to the wife, but only the amount of such a fee. The Supreme Court did not make clear what portion of the invoice of the wife's attorney, included within the $125,000 compensatory award, was attributable to an attorney's fee associated with the husband's alleged malicious prosecution and abuse of process. Our discretionary authority to award an attorney's fee is as broad as that of the trial court (*see Reid v Reid*, 166 AD2d 811, 813 [1990]), and in the exercise of that discretion and our power of factual review, the judgment is modified to award the wife the sum of $9,000 for such a fee. Crane, J.P., Miller, Dillon and Balkin, JJ., concur.