■ MICHAEL GOLDSTEIN et al., Respondents, v VENERA HELD, Appellant. [881 NYS2d 471]—

In an action for specific performance of a contract for the sale of real property, the defendant appeals (1) from stated portions of a supplemental judgment of the Supreme Court, Rockland County (Weiner, J.), entered December 20, 2007, which, inter alia, upon a decision of the same court dated November 30, 2007, made after a hearing, is in favor of the plaintiffs and against her, awarding the plaintiffs use and occupancy damages to be set off against the purchase price, and (2), as limited by

her brief, from so much of an order of the same court entered May 2, 2008, as denied that branch of her motion which was to vacate a judgment of the same court entered February 21, 2006.

Ordered that the supplemental judgment entered December 20, 2007, and the order entered May 2, 2008, are affirmed insofar as appealed from, with one bill of costs.

The defendant seller was not entitled to cancel the subject contract for the sale of real property. Where, as here, a seller sabotages efforts to close the deal, remedy limitation clauses in the contract of sale do not bar a buyer from obtaining specific performance (*see e.g. Naso v Haque*, 289 AD2d 309, 310 [2001]; *Green Point Sav. Bank v Litas Inv. Co.*, 124 AD2d 555, 557 [1986]).

The Supreme Court properly determined that the plaintiffs were entitled to the value of use and occupancy from March 17, 2006, until the date that they take possession of the subject property, pursuant to CPLR 5519 (a) (6) (*see Livoti v Mallon*, 91 AD2d 899, 899-900 [1983]; *see also Housing Help v Kasper-Staller Venture*, 196 AD2d 805, 807-808 [1993]; *Freidus v Eisenberg*, 123 AD2d 174, 177-178 [1986], *mod* 71 NY2d 981 [1988]).

The court's valuation of $3,000 per month as the combined rental value of the two three-bedroom apartments comprising the subject property was based on competent evidence. The plaintiffs were not limited to recovering the actual rent charged, but were entitled to the property's reasonable rental value (*see Dime Sav. Bank v Altman*, 275 NY 62, 70 [1937]).

The defendant could have raised her current contentions pertaining to the judgment entered February 21, 2006, on a prior appeal to this Court from that judgment (*see Goldstein v Held*, 37 AD3d 657 [2007]), but elected not to do so. Accordingly, she has waived these contentions (*see Dankner v Steefel*, 47 AD3d 867, 867-868 [2008]; *Matter of Gerzof v Coons*, 177 AD2d 487 [1991]).

The defendant's remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur.