THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL GOLDSTEIN, Respondent. [900 NYS2d 440]—

Appeal by the People from an amended order of the County Court, Rockland County (Alfieri, J.), dated February 10, 2009, which granted that branch of the defendant's omnibus motion which was to dismiss the indictment against him on the grounds that the evidence presented to the grand jury was legally insuf-

ficient and that the integrity of the grand jury proceeding was impaired.

Ordered that the amended order is affirmed.

The indictment in question charges the defendant with attempted grand larceny in the second degree, forgery in the second degree, and criminal possession of a forged instrument in the second degree, premised on a theory that the defendant allegedly offered a price of $401,000 to purchase real property which the complainant did not want to sell, then tricked the complainant into signing a document which she did not realize was a contract of sale at the price of $265,000. Prior to the presentation of this case to a grand jury, the defendant brought a civil lawsuit against the complainant for specific performance of the contract of sale, and the complainant counterclaimed to recover damages for fraud, forgery, and misrepresentation. The matter was fully litigated in a nonjury trial, the trial court credited the defendant's version of the events over the complainant's and, on February 17, 2006, the defendant obtained a judgment for specific performance of the contract. By decision and order dated February 20, 2007, this Court affirmed that judgment (*see Goldstein v Held*, 37 AD3d 657 [2007]). When the complainant failed to deliver a deed according to the terms of the judgment, the defendant obtained a Sheriff's deed and, in May 2007, the complainant commenced a separate action, contending that the defendant had committed a fraud upon the Sheriff. That action was dismissed, and the dismissal was affirmed by this Court in a decision and order dated June 3, 2008 (*see Goldstein v Held*, 52 AD3d 471 [2008]). Meanwhile, in an order entered May 2, 2008, the Supreme Court denied that branch of the complainant's motion which was to vacate the judgment entered February 21, 2006, in the defendant's specific performance action. By decision and order dated June 16, 2009, this Court affirmed the order (*see Goldstein v Held*, 63 AD3d 881 [2009]).

On June 18, 2008, the Rockland County District Attorney presented the testimony of the complainant to a grand jury, which returned a true bill for the charges noted above. During the grand jury presentation, the prosecutor elicited the complainant's testimony that she owned the subject property without eliciting testimony or instructing the grand jury about the judgment in the civil action granting specific performance to the defendant. The prosecutor further elicited the complainant's testimony that the defendant indicated the offering price by writing the figure "401" on a small piece of paper and gave her the sum of $5,000 in cash, explaining that he wanted to

make sure she would not sell the house to anyone else. According to the complainant's grand jury testimony, the defendant then held a folded piece of paper on the table in front of her and instructed her to sign it after writing that she received a nonrefundable deposit for the subject property. She further testified that, the following week, when she went to the defendant's home to pick up her copy of the signed page, she received an envelope which contained a contract for the sale of the property at the price of $265,000, the final page of which was the signature page she had written. The prosecutor had the complainant identify a copy of the contract and moved it into evidence.

A grand juror asked the complainant if she still had the piece of paper with the notation "401," and the complainant responded that the "court" had taken it. A second grand juror asked the complainant if she had initially obtained an original of the contract at the time of the transaction, and the complainant responded that she had. The prosecutor asked the complainant if the original had been presented to another court as part of a civil proceeding, and the complainant responded that she did not know. Later in the presentation, a third grand juror asked the prosecutor about the status of the civil proceeding. The prosecutor responded that, with respect to the complainant's testimony as to the whereabouts of the original documents, it was the recollection of the grand jurors that mattered and they should draw no conclusions one way or another about the existence or result of the civil lawsuit.

Upon the defendant's motion, the County Court properly dismissed the indictment against the defendant on the ground that the prosecutor improperly failed to disclose the outcome of the civil action, which was vital information of an exculpatory nature. An indictment must be dismissed where the proceeding "fails to conform to the requirements of [CPL] article one hundred ninety to such a degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). The grand jury may indict a person upon "legally sufficient . . . competent and admissible evidence" providing reasonable cause to believe that such person committed an offense (CPL 190.65 [1]), and the prosecutor is required to instruct the grand jury on the law with respect to the matters before it (*see* CPL 190.25 [6]). While the prosecutor is not required to advise the grand jury of every possible mitigating defense, the prosecutor must inform the grand jury of exculpatory defenses which have the "potential for eliminating a needless or unfounded prosecution" (*People v Harris*, 98 NY2d 452,

475 [2002]; *see People v Valles*, 62 NY2d 36, 38 [1984]). More-over, although the prosecutor does not have the same obligation to disclose exculpatory evidence as required at trial (*see People v Lancaster*, 69 NY2d 20, 26 [1986], *cert denied* 480 US 922 [1987]), the prosecutor may not by his or her conduct potentially prejudice the ultimate decision reached by the grand jury (*see People v Huston*, 88 NY2d 400, 409 [1996]). "The likelihood of prejudice turns on the particular facts of each case, including the weight and nature of the admissible proof adduced to sup-port the indictment and the degree of inappropriate prosecuto-rial influence or bias" (*id*. at 409).

Here, the grand jury was made aware of the civil action, but not informed that the defendant obtained specific performance of the contract after a court made a credibility determination in favor of the defendant and against the complainant, who failed to prove by a preponderance of the evidence her claims that the contract of sale was a forgery or was procured by fraud or mis-representation. The prosecutor introduced incompetent evi-dence in the form of a copy of the contract of sale, depriving the grand jury of the opportunity to evaluate the complainant's testimony that the signature page had been folded when given to her. Moreover, in light of the complainant's testimony that she owned the subject property, the prosecutor's instructions and responses to questions of the grand jurors likely misled that body into believing that the complainant had prevailed in the civil action. Under the circumstances, the County Court properly found that the integrity of the grand jury was impaired, causing the defendant prejudice (*see People v Hill*, 5 NY3d 772, 773 [2005]).

In the alternative, the County Court also properly dismissed the indictment against the defendant for insufficiency. "The sufficiency of the People's presentation is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (*People v Jennings*, 69 NY2d 103, 114 [1986]; *see People v Bello*, 92 NY2d 523, 525 [1998]). With respect to the attempted larceny charge, there was no competent proof that the property had an actual market value of $401,000, sufficient to establish that the defendant had larcenous intent and did attempt to wrongfully obtain the dif-ference in value between the defendant's purported offer and the contract price of $265,000, which the defendant agreed to pay (*see* Penal Law § 155.05 [1]; §§ 110.00, 155.40 [1]). With re-spect to the forgery charges, there was no evidence that the de-fendant signed the complainant's name or altered the contract

of sale within the meaning of statutes defining the crimes of forgery in the second degree and criminal possession of a forged instrument in the second degree (*see* Penal Law § 170.00 [4], [5], [6]; § 170.10 [1]; § 170.25; *People v Cunningham*, 2 NY3d 593, 596-597 [2004]; *People v Levitan*, 49 NY2d 87 [1980]; *People v Goldinger*, 248 App Div 763 [1936], *affd* 272 NY 634 [1936]; *People v Underhill*, 142 NY 38 [1894]). Accordingly, the County Court properly granted that branch of the defendant's omnibus motion which was to dismiss the indictment. Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.