■ H. RICHARD SIMS, Appellant, v STATE OF NEW YORK, Respondent. [818 NYS2d 314]—

Mercure, J.P. Appeal from an order of the Supreme Court (McNamara, J.), entered March 31, 2005 in Albany County, which dismissed the complaint for lack of subject matter jurisdiction.

Upon the death of plaintiff's wife, an employee of the Department of Motor Vehicles, the Department of Civil Service notified plaintiff that he was not eligible to continue his participation in his wife's health insurance plan as part of the Dependent Survivor Program. Approximately 19 months later, plaintiff commenced this action in Supreme Court against defendant for breach of contract. Plaintiff sought specific performance of his wife's employee benefit contract with defendant and money damages in the amount of the difference between the contribution rates for active employees and the COBRA payments he made to continue health coverage. Following joinder of issue, plaintiff moved for summary judgment and defendant crossmoved for the same relief. Supreme Court concluded that it lacked subject matter jurisdiction to grant the requested relief and dismissed the complaint. Plaintiff appeals and we now affirm.

While Supreme Court unquestionably has subject matter jurisdiction over CPLR article 78 proceedings seeking judicial review of state administrative agency determinations (*see Matter of Gross v Perales*, 72 NY2d 231, 236 [1988]; *Madura v State of New York*, 12 AD3d 759, 760-761 [2004], *lv denied* 4 NY3d 704 [2005]), plaintiff did not commence a timely proceeding challenging the decision of the Department of Civil Service that he is ineligible to receive health insurance coverage at the same rate as active employees with similar coverage. Instead, he seeks

specific performance of a contract, along with money damages. These claims are "quintessential 'breach of contract' allegations" against the State, over which Supreme Court lacks subject matter jurisdiction (*Matter of Barrier Motor Fuels v Boardman*, 256 AD2d 405, 405-406 [1998]; *see* Court of Claims Act § 9 [2]; *Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 7-8 [1997]; *Psaty v Duryea*, 306 NY 413, 417 [1954]). Accordingly, the complaint was properly dismissed.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.