■ PARAM SINGH, Respondent, v VISHNUDAT GOPAUL, Appellant, et al., Defendant. [842 NYS2d 535]—

In an action, inter alia, for specific performance of a contract for the purchase of real property, the defendant Vishnudat Gopaul appeals from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated July 27, 2006, as denied that branch of his motion which was for summary judgment on his first counterclaim to retain the down payment of $5,000 as liquidated damages and, upon searching the record, awarded summary judgment dismissing the first counterclaim, and the second counterclaim to recover damages for waste in the sum of $75,000 which the purchaser allegedly caused in performing alterations and modifications of the property.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon searching the record, awarded summary judgment dismissing the appellant's second counterclaim; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The order appealed from, inter alia, granted that branch of the defendant seller's motion which was for summary judgment dismissing the complaint. Since the plaintiff purchaser did not appeal from that part of the order, the issues raised in the complaint, among other things, for specific performance of the contract of sale are not before this Court.

The defendant seller's first counterclaim to retain the down payment of $5,000 as liquidated damages was properly dis-

missed. The contract provided that the seller could retain the down payment as liquidated damages if the purchaser defaulted. The seller failed to schedule a closing date with time of the essence. Therefore, the purchaser was never held in default.

There is no evidence in the record as to the condition of the property and whether the purchaser's alleged alterations and modifications damaged the property. Accordingly, the Supreme Court should not have searched the record and awarded summary judgment dismissing the second counterclaim (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430 [1996]; *Salazar v United Rentals, Inc.*, 41 AD3d 684 [2007]). Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.