■ ARKER COMPANIES et al., Appellants, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Doing Business as EMPIRE STATE DEVELOPMENT CORPORATION, et al., Respondents. [849 NYS2d 660]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated December 12, 2006, as granted that branch of the motion of the defendant New York State Urban Development Corporation, doing business as Empire State Developmental Corporation, which was for summary judgment dismissing the first, third, fourth, and fifth causes of actions insofar as asserted against it, granted those branches of the separate motions of the defendants the State of New York, the New York State Office of Mental Health, and the New York State Dormitory Authority which were to dismiss the complaint insofar as asserted against them and, upon searching the record, awarded the plaintiffs damages on their second cause of action only in the amount of their $250,000 deposit, plus accrued interest.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

"Parties to a contract for the sale of real property may agree, as they did here, to restrict the liability resulting from a breach, or may agree that no damages will be payable at all once the status quo ante has been restored" (*Emptage & Assoc., Inc. v Cape Hampton, LLC,* 19 AD3d 536, 537 [2005]). "When a contract for the sale of real property contains a clause specifically setting forth the remedies available to the buyer if the seller is unable to satisfy a stated condition, fundamental rules of contract construction and enforcement require that we limit the buyer to the remedies for which it provided in the sales contract" (*101123 LLC v Solis Realty LLC,* 23 AD3d 107, 108 [2005]).

The defendant seller, New York State Urban Development Corporation, doing business as Empire State Development Corporation (hereinafter ESDC), established its prima facie entitlement to judgment as a matter of law dismissing the first, third, fourth, and fifth causes of action. ESDC's termination of the subject purchase-and-sale agreement was based on community opposition to the sale and was not made in bad faith (see *L.J.B. Corp. v City of New York,* 182 AD2d 485 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact. Since the limited liability provision of the agreement provided for the return of the plaintiffs' deposit as the sole remedy for ESDC's breach, the Supreme Court properly granted that branch of ESDC's motion which was for summary judgment dismissing the first, third, fourth, and fifth causes of action and, upon searching the record, properly limited the plaintiffs' damages on their second cause of action to the amount of their $250,000 deposit, plus accrued interest.

The Supreme Court also properly granted that branch of the motion of the defendant New York State Dormitory Authority which was to dismiss the complaint insofar as asserted against it since the documentary evidence conclusively established that there was no privity of contract between it and the plaintiffs (see CPLR 3211 [a] [1]; *M. Fund, Inc. v Carter,* 31 AD3d 620, 621 [2006]; *Berardino v Ochlan,* 2 AD3d 556 [2003]; *Trade Source v Westchester Wood Works,* 290 AD2d 437, 438 [2002]).

Finally, since the Supreme Court lacks subject matter jurisdiction over breach of contract causes of action asserted against the State of New York, the defendants State of New York and the New York State Office of Mental Health were entitled to dismissal of the causes of action sounding in breach of contract insofar as asserted against them (see *Sims v State of New York,* 30 AD3d 949 [2006]; *Matter of Barrier Motor Fuels v Boardman,* 256 AD2d 405, 405-406 [1998]). Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.