STUART WALDMAN, Appellant-Respondent, v LDK REALTY, INC., et al., Respondents-Appellants. [880 NYS2d 354]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property and for specific performance of that contract, the plaintiff appeals from stated portions of an order of the Supreme Court, Richmond County (McMahon, J.), entered February 19, 2008, which, inter alia, in effect, upon the plaintiff's application, searched the record and awarded him summary judgment on the complaint only to the extent of directing the defendants to remove certain hazardous substances located on the real property or return the down payment to him immediately, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied

their motion for summary judgment dismissing the complaint and on the counterclaim declaring that they are entitled to retain the down payment and, in effect, upon the plaintiff's application, searched the record and awarded him summary judgment on the complaint to the extent of directing them to remove the hazardous substances located on the real property or return the down payment to him immediately.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof, in effect, upon the plaintiff's application, searching the record and awarding him summary judgment on the complaint to the extent of directing the defendants to remove the hazardous substances located on the real property or return the down payment to him immediately and substituting therefor a provision, upon the plaintiff's application, searching the record and awarding him summary judgment on the defendants' counterclaim declaring that the defendants are not entitled to retain the down payment, and directing the defendants to return the down payment to him to the extent of depositing the down payment with the Richmond County Clerk for the purpose of disbursing the down payment to the plaintiff; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that the defendants are not entitled to retain the down payment.

On November 21, 2005 the plaintiff entered into a contract with the defendants to purchase certain real property they owned in Staten Island, and he tendered them a down payment. The contract recited that, "to the best of Seller's knowledge," there were no hazardous substances on the property. It further provided a time period (hereinafter the revocation period) during which the plaintiff had the right to conduct an "environmental inspection" and to terminate the contract for any reason and be entitled to the return of the down payment. The contract also specified a closing date. The plaintiff did not discover any hazardous substances on the property and did not elect to terminate the contract during the revocation period. Both parties allowed the closing date to pass without protest.

Several months later, the plaintiff informed the defendants that he had discovered that hazardous substances existed on the property. The defendants replied that the period for report-

ing such a problem had expired. A few months after that, the defendants informed the plaintiff by letter that they had satisfied all of their obligations and notified him that the closing date would be April 20, 2007. The letter recited that time was of the essence. In response, the plaintiff raised certain title objections, and the defendants adjourned the closing in order to cure the objections.

Several days later, the plaintiff commenced this action for specific performance and to recover damages for breach of contract. The plaintiff also sought to recover damages for tortious interference with contract and an award of an attorney's fee. In their answer, the defendants asserted a counterclaim seeking a judgment declaring that the plaintiff had breached the contract and that they were therefore entitled to retain his down payment as liquidated damages.

The defendants thereafter moved for summary judgment dismissing the complaint and on the counterclaim. The plaintiff opposed the motion and requested, in his opposition papers, that the court search the record and award him summary judgment on both the complaint and the defendants' counterclaim. The plaintiff argued, primarily, that he was entitled to specific performance of the contract with an abatement in the contract price if the defendants did not remove the hazardous substances from the property.

The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint and on the counterclaim and, in effect, upon the plaintiff's application, searched the record and awarded him summary judgment on the complaint, but only to the extent of directing the defendants to remove the hazardous substances within 120 days or return the down payment to the plaintiff. We modify.

The defendants established their prima facie entitlement to judgment as a matter of law with respect to the cause of action for specific performance. The plaintiff was not entitled to specific performance with an abatement of the purchase price, inasmuch as the contract did not provide for that relief upon the discovery of hazardous substances on the property (see *Arker Cos. v New York State Urban Dev. Corp.*, 47 AD3d 739 [2008]; *101123 LLC v Solis Realty LLC*, 23 AD3d 107, 112, 113 [2005]); it provided only that if the plaintiff raised objections during the revocation period, he could cancel the contract and recover his down payment. Moreover, the defendants made a prima facie showing of their entitlement to judgment as a matter of law dismissing the plaintiff's remaining causes of action to recover damages for breach of contract and tortious interference with

contract, as well as for an award of an attorney's fee (*see Zucker-man v City of New York*, 49 NY2d 557 [1980]). Since the plaintiff failed to raise a triable issue of fact in opposition to the defendants' showing, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint (*see Israel v Charnews*, 46 AD3d 753, 755 [2007]).

Upon the plaintiff's application, the Supreme Court should have searched the record and awarded summary judgment to the plaintiff on the defendants' counterclaim. The plaintiff did not breach the contract, and the defendants were thus not entitled to retain his down payment as liquidated damages (*see Singh v Gopaul*, 43 AD3d 1145, 1146 [2007]). Even if the plaintiff failed to timely raise his objections to title based on the discovery of hazardous substances on the real property after the expiration of the revocation period, the defendants continued to treat the contract as valid by adjourning the closing for a reasonable time to cure any defects in title (*see Singh v Gopaul*, 43 AD3d at 1145-1146; *Inter-Power of N.Y. v Niagara Mohawk Power Corp.*, 259 AD2d 932, 934 [1999]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that the defendants are not entitled to retain the contract down payment as liquidated damages (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The parties' remaining contentions are without merit. Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.