STUART WALDMAN, Appellant, v LDK REALTY, INC., et al., Respondents. [880 NYS2d 697]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property and for specific performance of that contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), entered November 18, 2008, which granted the defendants' motion,

among other things, in effect, to be deemed in compliance with an order of the same court dated February 19, 2008, and to compel the plaintiff to accept the return of a down payment to the extent of directing the defendants to deposit the down payment with the Richmond County Clerk for the purpose of disbursing the down payment to the plaintiff.

Ordered that the order entered November 18, 2008, is affirmed, with costs.

Most of the relevant facts are set forth in our decision and order on a companion appeal (see *Waldman v LDK Realty, Inc.*, 63 AD3d 828 [2009] [decided herewith]). Shortly after February 19, 2008, when the Supreme Court issued the order appealed from in the companion appeal, the defendants mailed the down payment to the plaintiff, with a letter stating that removal of certain hazardous substances from the subject real property could not be completed within the 120 days set by the court in that order. The plaintiff returned the check to the defendants with a letter stating that, until the court directed otherwise, it would continue to consider the contract to be in full force and effect. The defendants thereafter moved, inter alia, in effect, to be deemed in compliance with the order dated February 19, 2008, and to permit them to deposit the down payment with the Richmond County Clerk. The Supreme Court granted the defendant's motion, and we affirm.

Inasmuch as we determined in the companion appeal that the plaintiff was not entitled to the relief sought in the complaint (see *Arker Cos. v New York State Urban Dev. Corp.*, 47 AD3d 739 [2008]) and that the defendants were not entitled to retain the down payment, it follows that it was proper for the defendants to return the down payment to the plaintiff. Accordingly, after the plaintiff refused to accept the return of the down payment when tendered by the defendants, the Supreme Court properly granted that branch of the defendants' motion which was to compel the plaintiff to accept the return of the down payment to the extent of directing the defendants to deposit the plaintiff's down payment with the Richmond County Clerk for the purpose of disbursing the down payment to the plaintiff. Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.