■ SDK PROPERTY ONE, LLC, Appellant, v QPI-XXXII, LLC, Respondent. [39 NYS3d 60]—

In an action, inter alia, for specific performance of a contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), dated June 11, 2014, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties entered into a purchase and sale agreement (hereinafter the agreement) dated May 4, 2010, in which the plaintiff agreed to purchase and the defendant agreed to sell certain real property located in Queens. The agreement required the defendant to "cure and eliminate all Title Objections which were caused by, resulted from or arose out of (1) a . . . mortgage." The subject property was encumbered by a blanket mortgage that covered a number of properties, and in order for the defendant to eliminate all title objections to the property, it would have been required to obtain the release of the property from the mortgage.

Section 13 (a) of the agreement provided that, in the event of a default by the defendant, the plaintiff would be entitled to either: "(i) terminate this Agreement and receive the Deposit, and the interest earned thereon, from the Escrow Agent . . . or (ii) enforce specific performance of this Agreement (but no other action, or damages or otherwise, shall be permitted)." The agreement further provided that the plaintiff "shall be deemed to have elected to terminate this Agreement as provided in subclause (i) above if [the plaintiff] fails to commence an action for specific performance within one hundred twenty (120) days after the Scheduled Closing Date."

The defendant encountered difficulty in obtaining the release of the subject property from the mortgage. As a result, the par-

ties executed four written amendments to the agreement, each of which adjourned the closing date to a specified date. The final written amendment adjourned the closing date until May 1, 2011, and stated that time was of the essence for the defendant to close. The agreement contained a provision requiring all amendments to be in writing. Ultimately, the defendant was unable to obtain the release of the subject property from the mortgage, thereby defaulting under the terms of the agreement.

The plaintiff commenced this action on April 30, 2012, alleging causes of action seeking specific performance, specific performance with an abatement, and consequential damages for breach of contract. The defendant subsequently moved for, among other things, summary judgment dismissing the complaint, contending that the action was barred because the plaintiff failed to commence an action for specific performance within 120 days after May 1, 2011, the closing date agreed to by the parties in their final written amendment to the agreement. The plaintiff opposed the motion and cross-moved for summary judgment on the complaint, asserting that the parties had agreed to adjourn the closing date indefinitely. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and denied the plaintiff's cross motion. The plaintiff appeals.

The defendant made a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiff failed to commence an action for specific performance within 120 days after the closing date of the agreement (see Arker Cos. v New York State Urban Dev. Corp., 47 AD3d 739, 739 [2008]; 101123 LLC v Solis Realty LLC, 23 AD3d 107, 108 [2005]; see also Waldman v LDK Realty, Inc., 63 AD3d 828, 830-831 [2009]), and, further, that the express language of the agreement barred any action for damages (see Arker Cos. v New York State Urban Dev. Corp., 47 AD3d at 739).

It is undisputed that the defendant defaulted under the agreement. As a result, section 13 (a) of the agreement required the plaintiff, if it desired to seek specific performance of the agreement, to commence an action for specific performance within 120 days after May 1, 2011, the scheduled closing date pursuant to the final written amendment of the agreement. Therefore, the plaintiff was required to commence its action for specific performance by August 29, 2011. As the plaintiff failed to commence this action until April 30, 2012, approximately eight months after the 120-day period ended, its action was

untimely, and it was entitled only to terminate the agreement and receive its deposit back, plus interest (*see Arker Cos. v New York State Urban Dev. Corp.*, 47 AD3d at 739; *101123 LLC v Solis Realty LLC*, 23 AD3d at 108).

Contrary to the plaintiff's contentions, it failed to raise a triable issue of fact as to whether the parties agreed to adjourn the closing date indefinitely.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the complaint. Balkin, J.P., Dickerson, Cohen and Brathwaite Nelson, JJ., concur.