Hiu Ian Cheng v Salguero (2018 NY Slip Op 05831)





Hiu Ian Cheng v Salguero


2018 NY Slip Op 05831


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-01615
 (Index No. 702716/15)

[*1]Hiu Ian Cheng, respondent, 
v
Carlos Salguero, et al., appellants.


The Roth Law Firm, PLLC, New York, NY (Richard A. Roth of counsel), for appellants.
Catafago Fini LLP, New York, NY (Jacques Catafago and Tom M. Fini of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for reformation of a contract, the defendants appeal from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered February 1, 2016. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and to cancel the notices of pendency filed against the subject properties.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first and third causes of action and to cancel the notices of pendency, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
On December 23, 2013, the plaintiff and the defendant Carlos Salguero, individually and in his capacity as president and sole shareholder of the defendant 42-53 Realty Corp., entered into a contract whereby the plaintiff agreed to purchase two adjacent lots located at 42-53 27th Street and 42-55 27th Street in Long Island City, Queens, for the sum of $1.63 million. In the contract, the defendants represented and warranted that they were "the sole owner[s] of the Premises and ha[d] the full right, power and authority to sell, convey and transfer the same in accordance with the terms of this contract." The contract provided that if the defendants were unable to transfer title to the plaintiff in accordance with the contract by reason of defects to title, and if the plaintiff was unwilling to waive such defects, "[the defendants] shall have the right, at [the defendants'] sole election, either to take such action as [the defendants] may deem advisable to remove, remedy, discharge or comply with such Defects or to cancel this contract" (emphasis added). A rider to the contract provided that, in the event that the defendants were unable to deliver title in accordance with the contract, "the sole remedy of [the plaintiff] shall be to accept such title as [the defendants] shall be able to deliver without abatement in the purchase price, or in the alternative, to cancel this agreement and receive a refund of the contract down payment made hereunder."
After signing the contract, the plaintiff obtained a title insurance report, which determined that 42-53 Realty Corp. was the deeded owner of 42-53 27th Street and Salguero was the deeded owner of 42-55 27th Street. However, the report also disclosed, as an exception to [*2]coverage, that title to 42-55 27th Street was subject to a federal court order, recorded on March 17, 2011, awarding all right, title, and interest in that parcel to the United States of America. Negotiations between the parties subsequently broke down, with the defendants sending the plaintiff a time-of-the-essence letter, and the plaintiff rejecting that letter. By letter dated February 19, 2015, the defendants elected to cancel the contract and returned the plaintiff's down payment.
On March 23, 2015, the plaintiff commenced this action against the defendants asserting three causes of action. In the first cause of action, the plaintiff sought specific performance of the contract to the extent of directing the defendants to convey title to the one lot they do own, 42-53 27th Street, for half of the total consideration stated in the contract. In the second cause of action, the plaintiff alleged that the defendants fraudulently misrepresented that they owned and had the authority to convey 42-55 27th Street, and sought money damages. In the third cause of action, in the alternative, the plaintiff sought reformation of the contract, based upon mutual mistake, to provide for the purchase of 42-53 27th Street for half the total consideration stated in the contract. The plaintiff also filed a notice of pendency against each property.
The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and to cancel the notices of pendency. The Supreme Court denied the motion, and the defendants appeal.
The Supreme Court should have granted those branches of the defendants' motion which were pursuant CPLR 3211(a)(1) to dismiss the first and third causes of action. "To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "An unambiguous contract provision may qualify as documentary evidence under CPLR 3211(a)(1)" (413 Throop, LLC v Triumph, the Church of the New Age, 153 AD3d 1306, 1307). Here, the parties' contract, which limited the plaintiff's remedies in the event that the defendants were unable to clear defects in title, established a complete defense as a matter of law to the first and third causes of action, seeking specific performance and reformation of the contract based upon mutual mistake, respectively (see Waldman v LDK Realty, Inc., 63 AD3d 828, 830; 101123 LLC v Solis Realty LLC, 23 AD3d 107, 108). Accordingly, the defendants were entitled to dismissal of the first and third causes of action and cancellation of the notices of pendency (see CPLR 6501; Stangel v Zhi Dan Chen, 74 AD3d 1050, 1054).
However, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the plaintiff's second cause of action, sounding in fraudulent misrepresentation. On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (see Leon v Martinez, 84 NY2d 83, 87-88). "In order to establish fraud, a plaintiff must show a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages'" (Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933, 937, quoting Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). Where a cause of action is based on a misrepresentation or fraud, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]). Here, the complaint sufficiently stated a cause of action to recover damages for fraudulent misrepresentation by alleging that the defendants misrepresented that they owned 42-55 27th Street and had the right to convey it, that they made this representation despite knowing that it was false, and that the plaintiff reasonably relied upon the representation to his detriment. Although the defendants contend that the complaint was not pleaded with the requisite specificity, the purpose of CPLR 3016(b)'s heightened pleading requirement "is to inform a defendant of the complained-of incidents" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559), and there is no question in this case that the incident at issue was the defendants' alleged representations made to induce the plaintiff into signing the contract. Accordingly, that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action was properly denied.
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court