■ THEODORE TEDESCO et al., Appellant, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Respondent. (And a Third-Party Action.) [673 NYS2d 181] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 30, 1997, which (1) granted the motion of the defendant Triborough Bridge and Tunnel Authority for summary judgment dismissing the complaint, and (2) denied their cross motion to strike the affirmative defense of release.

Ordered that the order is affirmed, with costs.

The plaintiff Theodore Tedesco was injured while riding his bicycle during the "Bike New York" five-borough bicycle tour, sponsored by the third-party defendant, American Youth Hostels, Inc. The Supreme Court correctly determined that the release signed by the plaintiff Tedesco prior to his participation in the tour contained broad language which included the defendant Triborough Bridge and Tunnel Authority (hereinafter the Authority) as one of the entities exempted from liability, even though the Authority was not specifically named in the release document (see, *Wells v Shearson Lehman / American Express*, 72 NY2d 11, 23). The release document specifically named the Metropolitan Transportation Authority (hereinafter the MTA) and "any other involved * * * representatives of the foregoing". Since the Authority is a board comprised of 17 members of the MTA, serving ex officio, and all holding offices in the MTA (Public Authorities Law § 552), the Authority is an affiliated representative of the MTA and is, therefore, exempted from liability under the terms of the release document.

Contrary to the plaintiffs' contention, the release is not invalidated pursuant to General Obligations Law § 5-326, since the Verrazano Narrows Bridge, where the plaintiff Tedesco was injured, is not a "place of amusement or recreation".

The plaintiffs' remaining contentions are without merit. Friedmann, J. P., Goldstein, Florio and Luciano, JJ., concur.