■ ROBERT PINCUS, Appellant, v HELEN L. WELLS et al., Respondents. [826 NYS2d 423]—In an action, inter alia, to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Douglass, J.), dated May 25, 2005, which granted the defendants' separate motions pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them, (2) an order of the same court dated June 15, 2005, which after a hearing, directed him to pay Helen L. Wells, Esq., the sum of $24,625 for attorney's fees and expenses incurred in defending the action on behalf of the defendant Helen L. Wells, (3) an order of the same court, dated June 15, 2005, which, after a hearing, directed him to pay the law firm of Reingold & Tucker the sum of $35,539 for attorney's fees and expenses incurred in defending the action on behalf of the defendant Mootze Michel-Roache, (4) an order of the same court dated July 26, 2005, which, after a hearing, directed him to pay Robert Washington, Esq., the sum of $11,649 for attorney's fees and expenses incurred in defending the action on behalf of the defendant Concord Baptist Church and, (5) a judgment of the same court dated July 7, 2005, which, upon the order dated June 15, 2005 directing him to pay the law firm of Reingold & Tucker the sum of $35,539, is in favor of the law

firm of Reingold & Tucker and against him in the sum of $35,539.

Ordered that the appeal from the order dated June 15, 2005, directing the plaintiff to pay the law firm of Reingold & Tucker the sum of $35,539, is dismissed; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order dated June 15, 2005, directing the plaintiff to pay Helen L. Wells, Esq., the sum of $24,625, and the notice of appeal from the order dated July 26, 2005 are treated as applications for leave to appeal from those orders, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders dated May 25, 2005 and July 26, 2005, and the order dated June 15, 2005, directing the plaintiff to pay Helen L. Wells, Esq., the sum of $24,625, are affirmed, and it is further,

Ordered that the judgment dated July 7, 2005 is modified, on the law and in the exercise of discretion, by deleting the sum of $35,539, and substituting therefor the sum of $26,199; as so modified, the judgment is affirmed, and the order dated June 15, 2005, directing the plaintiff to pay the law firm of Reingold & Tucker the sum of $35,539, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order dated June 15, 2005 directing the plaintiff to pay the law firm of Reingold & Tucker the sum of $35,539, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must accept the allegations of the complaint as true and accord the plaintiff the benefit of every possible favorable inference arising therefrom in determining whether the allegations fit within any cognizable legal theory (*see Hartman v Morganstern*, 28 AD3d 423 [2006]). However, bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on a motion to dismiss for failure to state a cause of action (*id.*). Further, when the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not just whether he or she has stated one (*id.*). Here, applying

this standard, the amended complaint was properly dismissed. To the extent that the court's determination may have violated the law of the case established by a prior order of the Supreme Court, this Court is not bound by the law of the case established by that order (*see Latture v Smith*, 304 AD2d 534 [2003]; *Richter v Richter*, 156 AD2d 653 [1989]).

Further, the Supreme Court providently exercised its discretion in directing the plaintiff to pay the defendants for expenses and reasonable attorney's fees pursuant to 22 NYCRR 130-1.1 based on the plaintiff's frivolous conduct (*see Charles & Boudin v Meyer*, 307 AD2d 272 [2003]; 22 NYCRR 130-1.1 [c] [1]). However, the amount the plaintiff was directed to pay the law firm of Reingold & Tucker for attorney's fees and expenses incurred in defending the action on behalf of the defendant Mootze Michel-Roache was not reasonable to the extent indicated.

The plaintiff's remaining contentions are without merit. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.