■ LUCIA BURGOS, Respondent, v NEW YORK PRESBYTERIAN HOSPITAL et al., Appellants. [65 NYS3d 45]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendant Joshua Robert Sonett appeals, and the defendants New York Presbyterian Hospital, Columbia University Medical Center, Columbia Presbyterian Medical Center, Marc Bessler, Amy Stevens, as executor of the estate of Peter D. Stevens, and Daniel Davis separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated June 3, 2015, as denied those branches of their separate motions which were pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the defendants appearing separately and filing separate briefs.

In November 2008, the plaintiff underwent an experimental

bariatric surgery, referred to as a transoral gastroplasty procedure, at New York Presbyterian Hospital/Columbia University Medical Center (hereinafter the hospital). The procedure required the insertion of a device that was developed and manufactured by nonparty Satiety, Inc. (hereinafter Satiety). During the course of the procedure, the plaintiff allegedly sustained a perforated esophagus and subsequent medical complications. The plaintiff thereafter commenced two actions, one in federal district court against Satiety (hereinafter the Satiety action), and this action in the Supreme Court, Kings County, against the defendants herein, the hospital where the procedure was performed and certain physicians. The Satiety action, which alleged, inter alia, products liability, statutory violations, and other state law tort claims, was ultimately dismissed for failure to state a cause of action (*see Burgos v Satiety, Inc.*, 2013 WL 801729, 2013 US Dist LEXIS 31062 [ED NY, Mar. 5, 2013, No. 10-CV-2680 (MKB)]). After the dismissal of the Satiety action, the plaintiff and Satiety entered into a settlement and release agreement (hereinafter the Satiety release), wherein the plaintiff discharged "all claims" that arose out of the plaintiff's November 2008 procedure as against Satiety and, inter alia, all of Satiety's "agents, . . . independent contractors, representatives, . . . and all other related entities or persons who can ever be liable for the Incident." Based on the disposition of the *Satiety* action and the execution of the Satiety release, the defendants in this action separately moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7). The Supreme Court, inter alia, denied those branches of the defendants' motions, and the defendants appeal.

"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211 (a) (1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *U.S. Mdse., Inc. v L&R Distribs., Inc.*, 122 AD3d 613, 613-614 [2014]). A settlement agreement or release affecting a claim may be the basis for a CPLR 3211 (a) (1) motion to dismiss where the terms are clear and unambiguous and conclusively dispose of the matter (*see Rudovic v Rudovic*, 131 AD3d 1225, 1226 [2015]; *Malarkey v Piel*, 7 AD3d 681 [2004]).

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as al-

leged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). However, where the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not just whether he or she has stated one (*see Pincus v Wells*, 35 AD3d 569, 570-571 [2006]).

Pursuant to CPLR 3211 (a) (5), a cause of action may be dismissed "because of . . . collateral estoppel . . . payment, release, [and/or] res judicata." A valid release "constitutes a complete bar to an action on a claim which is the subject of the release" (*Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [2006]; *see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]). "A release is a contract, and its construction is governed by contract law" (*Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]). If "the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties" (*Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998], citing *Mangini v McClurg*, 24 NY2d 556, 563 [1969]; *see Desiderio v Geico Gen. Ins. Co.*, 107 AD3d 662, 663 [2013]). Where the release is unambiguous, a court may not look to extrinsic evidence to determine the parties' intent (*see Koufakis v Siglag*, 85 AD3d 872, 873 [2011]). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *see Sicuranza v Philip Howard Apts. Tenants Corp.*, 121 AD3d 966, 967 [2014]). A defendant bears the initial burden of establishing that he or she has been released from any claims (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d at 276).

Here, although the terms of the Satiety release are clear and unambiguous (*see Wells v Shearson Lehman/American Express*, 72 NY2d 11, 22-23 [1988]; *Fiakpoey v Middlesworth*, 118 AD3d 743, 745 [2014]; *Tedesco v Triborough Bridge & Tunnel Auth.*, 250 AD2d 758 [1998]), the defendants failed to establish that they fell within the defined group of releasees as a matter of law (*cf. Fiakpoey v Middlesworth*, 118 AD3d at 745; *Tedesco v Triborough Bridge & Tunnel Auth.*, 250 AD2d at 758). The Supreme Court therefore properly denied those branches of the defendants' motions to dismiss which were based on the defense of valid release.

"Under the doctrine of res judicata, a final judgment precludes reconsideration of all claims which could have or

should have been litigated in the prior proceedings against the same party" (*Breslin Realty Dev. Corp. v Shaw*, 72 AD3d 258, 263 [2010]; *see Goldman v Rio*, 104 AD3d 729, 730 [2013]). Under the related doctrine of collateral estoppel, relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action is precluded provided that there was a full and fair opportunity to contest the decision now alleged to be controlling (*see Capellupo v Nassau Health Care Corp.*, 97 AD3d 619, 621 [2012]; *Breslin Realty Dev. Corp. v Shaw*, 72 AD3d at 263). Here, the evidence submitted by the defendants failed to conclusively establish that there was identity of the parties and the issues such that the Satiety action had preclusive effect on the causes of action raised in this action. The Supreme Court therefore properly denied those branches of the defendants' motions to dismiss which were based on res judicata and collateral estoppel.

The defendants' remaining contentions are without merit. Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.