McDonald v O'Connor (2020 NY Slip Op 07558)





McDonald v O'Connor


2020 NY Slip Op 07558


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-07405
 (Index No. 504167/18)

[*1]Elizabeth McDonald, appellant, 
v
Josephine O'Connor, etc., et al., respondents, et al., defendants.


Rosen Law LLC, Great Neck, NY (Michael J. Noonan and Gary Rosen of counsel), for appellant.
Thomas A. Toscano, P.C., Mineola, NY (Cecilia E. O'Connell of counsel), for respondents.



DECISION & ORDER
In an action for declaratory relief, specific performance of a real estate contract, and to recover damages, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated May 17, 2018. The order granted the motion of the defendants Josephine O'Connor, Anthony Gangemi, and Thomas P. Anselmo pursuant to CPLR 3211(a) to dismiss, in effect, the amended complaint insofar as asserted against them and to cancel the notice of pendency.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants Josephine O'Connor, Anthony Gangemi, and Thomas P. Anselmo which were pursuant to CPLR 3211(a)(1) to dismiss, in effect, the causes of action in the amended complaint alleging breach of contract and for declaratory relief insofar as asserted against them and to cancel the notice of pendency, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the notice of pendency is reinstated.
In December 2017, the plaintiff commenced an action against the defendants Josephine O'Connor, individually and as co-executor of the estate of Fortunata Gangemi and as trustee of the Gangemi Family Irrevocable Trust, and Anthony Gangemi, as co-executor of the estate of Fortunata Gangemi (hereinafter together the sellers), seeking specific performance of a contract entered into between the plaintiff and the sellers for the purchase by the plaintiff of real property in Brooklyn (hereinafter the contract), and to recover damages for breach of contract and fraud (hereinafter the December 2017 action). Pursuant to the contract, the plaintiff paid a down payment, which was to be held in escrow by the defendant Thomas P. Anselmo.
In January 2018, the plaintiff and the sellers settled the December 2017 action by stipulation which provided, inter alia, that the sale would close pursuant to the terms of the contract on March 1, 2018 (hereinafter the 2018 stipulation). On February 28, 2018, however, the plaintiff commenced this action against the sellers and Anselmo. The sellers and Anselmo (hereinafter collectively the moving defendants) thereafter filed a pre-answer motion, among other things, pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them. The plaintiff [*2]then filed an amended complaint and, upon application by the moving defendants, the Supreme Court treated their motion as one seeking, inter alia, to dismiss the amended complaint insofar as asserted against them. The court granted the motion of the moving defendants. The plaintiff appeals.
"'To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Burgos v New York Presbyt. Hosp., 155 AD3d 598, 599, quoting Gould v Decolator, 121 AD3d 845, 847). "[T]o be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790 [internal quotations marks omitted]). "'[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case'" (id. at 790, quoting Eisner v Cusumano Constr., Inc., 132 AD3d 940, 941). Letters, emails, and affidavits are not documentary evidence (see Shah v Mitra, 171 AD3d 971, 973).
As relevant to this appeal, the moving defendants submitted in support of their motion, the contract, the 2018 stipulation, and their affidavits. However, the affidavits are not documentary evidence (see Leader v Steinway, Inc., 180 AD3d 886; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997). Although contracts may qualify as documentary evidence within the meaning of CPLR 3211(a)(1) (see Mahmood v County of Suffolk, 166 AD3d 751, 753; Wilson v Poughkeepsie City Sch. Dist., 147 AD3d 1112, 1113), the contract and the other documentary evidence submitted in support of the moving defendants' motion do not conclusively establish that, together, the sellers were able to convey title in the real property at issue. Since the moving defendants failed to utterly refute the plaintiff's allegations that the sellers breached the terms of the contract because they were unable to convey the entire interest in the property, the Supreme Court should have denied those branches of the moving defendants' motion seeking dismissal, in effect, of the causes of action in the amended complaint alleging breach of contract and a declaration of the rights of the parties vis-à-vis the property insofar as asserted against them (see Bayview Loan Servicing, LLC v Windsor, 172 AD3d 799, 802; see also Benjamin v Yeroushalmi, 178 AD3d 650, 653).
However, we agree with the Supreme Court's determination directing dismissal of the cause of action sounding in fraud insofar as asserted against the moving defendants. In order to succeed on a cause of action sounding in fraud arising out of a real estate transaction, a "'plaintiff must show, in effect, that the seller . . . thwarted the plaintiff's efforts to fulfill [her] responsibilities fixed by the doctrine of caveat emptor'" (Comora v Franklin, 171 AD3d 851, 853, quoting Jablonski v Rapalje, 14 AD3d 484, 485). "The presence of disclaimers in a written agreement may preclude a claim of common-law fraud by rendering any resulting reliance unjustified" (Comora v Franklin, 171 AD3d at 853).
Here, the contract and its rider utterly refute the fraud allegations set forth in the amended complaint. Pursuant to the contract, the sellers had no duty to disclose the property's landmark status to the plaintiff and the amended complaint fails to allege that the sellers actively concealed the possibility that the property could attain landmark status, or how the sellers thwarted the plaintiff's efforts to discover such, and therefore, we agree with the Supreme Court's determination directing dismissal of the cause of action sounding in fraud insofar as asserted against the moving defendants (see Schottland v Brown Harris Stevens Brooklyn, LLC, 107 AD3d 684, 686; see also Behar v Glickenhaus Westchester Dev., Inc., 122 AD3d 784, 786).
Furthermore, the contract provided that the plaintiff was purchasing the property subject to all present and future landmark restrictions and that the sellers made no representation or warranty as to any matter affecting the property. Moreover, the rider to the contract gave the plaintiff five days to procure a "Landmark Search" and to cancel the contract if the plaintiff was not satisfied with the results of that search. The contract and its accompanying rider conclusively establish that the plaintiff was purchasing the property subject to any landmark restrictions and was responsible [*3]for determining the landmark status of the property.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court