Riehm Corp. v Brennan (2021 NY Slip Op 02261)





Riehm Corp. v Brennan


2021 NY Slip Op 02261


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Index No. 21173/17E Appeal No. 13586-13586A Case No. 2020-02303 2020-05007 

[*1]Riehm Corporation, et al., Plaintiffs-Appellants,
v
John Brennan, Defendant-Respondent.


Law Office of Robert J. Miletsky, Merrick (Robert J. Miletsky of counsel), for appellants.
Feerick Nugent MacCartney, PLLC, South Nyack (Alak Shah of counsel), for respondent.



Orders, Supreme Court, Bronx County (Robert T. Johnson, J.), entered on or about October 3, 2019, and August 5, 2020, which, together, granted defendant's motion to dismiss the complaint in its entirety, unanimously affirmed, with costs.
In a prior action, plaintiff Thomas Pepe (Pepe), the principal of plaintiff Riehm Corporation, sought to recover an outstanding debt allegedly owed by defendant and his company, Brennan Brothers Company, Inc. (Brennan Brothers), pursuant to an oral agreement by which Riehm advanced money to cover Brennan Brothers' payroll obligations and both defendant and Brennan Brothers agreed to repay the loan. The parties resolved the matter by entering into a settlement agreement in which Brennan Brothers agreed to pay the outstanding balance over the course of two years and to sign a confession of judgment. Subject to the obligations created under the settlement agreement, Pepe, on behalf of himself and Riehm, released defendant and Brennan Brothers from all liability. The parties entered into a stipulation agreeing to discontinue the action without prejudice to Pepe's right to reinstate it if Brennan Brothers defaulted, for the purpose of entering judgment on Brennan Brothers' confession of judgment.
Plaintiffs subsequently commenced this action for repayment of the loan against defendant in his individual capacity, alleging that Brennan Brothers had paid only about 40% of the amount owed.
The settlement agreement and related documents unambiguously establishes that plaintiffs agreed to repayment solely by Brennan Brothers and to release defendant from all liability (see Burgos v New York Presbyt. Hosp., 155 AD3d 598, 600 [2d Dept 2017]; CPLR 3211[a][1], [5]). Plaintiffs' argument that the settlement agreement is an executory accord, rather than a substitute agreement, is directly contradicted by the express language of the settlement agreement, which states that it constitutes the complete understanding between the parties and supersedes all previous oral or written communications, representations or agreements as to the subject matter (see DuBow v Century Realty, Inc., 172 AD3d 622 [1st Dept 2019]; see also General Obligations Law § 15-501[1], [3]).
Defendant did not waive his defense based on the release in the settlement agreement by failing to timely assert it (CPLR 3211[e]), since he pleaded a defense based on contract in his answer, and a release is a contract (Burgos, 155 AD3d at 600). Plaintiffs could not be surprised or prejudiced by his assertion of the defense (see
Ficorp, Ltd. v Gourian, 263 AD2d 392 [1st Dept 1999], lv dismissed in part, denied in part 94 NY2d 889 [2000]).
We have considered plaintiffs' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021