Galster Rd. Props., LLC v Penske Truck Leasing Co., L.P. (2021 NY Slip Op 03788)





Galster Rd. Props., LLC v Penske Truck Leasing Co., L.P.


2021 NY Slip Op 03788


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1241 CA 20-00639

[*1]GALSTER ROAD PROPERTIES, LLC, AND MICHAEL A. SANTARO, PLAINTIFFS-RESPONDENTS,
v
PENSKE TRUCK LEASING CO., L.P., DEFENDANT-APPELLANT. 






HANCOCK ESTABROOK, LLP, SYRACUSE (JAMES P. YOUNGS OF COUNSEL), FOR DEFENDANT-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (ELIZABETH A. HOFFMAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered April 28, 2020. The order denied the motion of defendant to dismiss plaintiffs' first cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action asserting, inter alia, a cause of action for breach of contract arising from defendant's alleged failure to pay real estate taxes pursuant to a lease agreement between the parties. Defendant moved to dismiss that cause of action, submitting in support of its motion a general release that the parties signed upon termination of the lease, which purported to be a "full and complete release of all claims." Supreme Court denied the motion, and we affirm.
"[A] general release is governed by principles of contract law" (Mangini v McClurg, 24 NY2d 556, 562 [1969]) and " 'should not be set aside unless plaintiff demonstrates duress, illegality, fraud, or mutual mistake' " (Schroeder v Connelly, 46 AD3d 1439, 1440 [4th Dept 2007]). Notably, "one who executes a plain and unambiguous release cannot avoid its effect by merely stating that [he or] she misinterpreted its terms" (Koster v Ketchum Communications, 204 AD2d 280, 280 [2d Dept 1994], lv dismissed 85 NY2d 857 [1995]).
However, a motion pursuant to CPLR 3211 to dismiss a cause of action on the basis of a release must be denied where a court "cannot definitively determine whether the scope of a release was intended to cover the allegations in a complaint" (Desiderio v Geico Gen. Ins. Co., 107 AD3d 662, 663 [2d Dept 2013]; see also Kaprall v WE: Women's Entertainment, LLC, 74 AD3d 1151, 1152 [2d Dept 2010]). We conclude here that the language of the release is ambiguous and that it cannot be determined as a matter of law whether the release was intended to discharge defendant's obligation to pay the real estate taxes on the leased property (see Dury v Dunadee, 52 AD2d 206, 208-209 [4th Dept 1976], appeal dismissed 40 NY2d 845 [1976]; see also Doldan v Fenner, 309 AD2d 1274, 1275 [4th Dept 2003]). Questions of fact exist whether, after the general release was signed, defendant represented to plaintiffs that the general release did not cover those claims and whether the release was signed in the context of environmental problems at the leased property (see generally Camperlino v Bargabos, 96 AD3d 1582, 1583-1584 [4th Dept 2012]). Thus, we conclude that the court properly denied defendant's motion because the court could not "definitively determine whether the scope of [the] release was intended to cover" the cause of action (Desiderio, 107 AD3d at 663).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court