Huli Ma v Hui Chen (2023 NY Slip Op 06031)

Huli Ma v Hui Chen

2023 NY Slip Op 06031

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-03324
 (Index No. 702988/15)

[*1]Huli Ma, appellant-respondent, 
v
Hui Chen, respondent-appellant, et al., defendant.

Votre & Associates, P.C., New York, NY (Kenneth A. Votre of counsel), for appellant-respondent.
Tarter Krinsky & Drogin LLP, New York, NY (Christopher Tumulty and Brittany K. Lazzaro of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, legal malpractice, fraud, and conversion, the plaintiff appeals, and the defendant Hui Chen cross-appeals, from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered April 21, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendant Hui Chen which were pursuant to CPLR 3211(a) to dismiss the first and fifth causes of action insofar as asserted against him and so much of the second, third, fourth, and sixth causes of action insofar as asserted against him as sought to recover damages relating to a real estate transaction involving certain property located in Flushing. The order, insofar as cross-appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a) to dismiss so much of the second, third, fourth, and sixth causes of action insofar as asserted against him as sought to recover damages relating to a real estate transaction involving certain properties located in Stamford, Connecticut, and to impose sanctions and for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Hui Chen which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant Hui Chen (hereinafter the defendant), among others, asserting causes of action alleging breach of contract (first cause of action), breach of fiduciary duty (second cause of action), fraudulent inducement (third cause of action), "negligence/malpractice" (fourth cause of action), fraud (fifth cause of action), and conversion (sixth cause of action). The conduct at issue arises from one real estate transaction involving certain property located in Flushing (hereinafter the Flushing transaction), and one real estate transaction involving certain properties located in Stamford, Connecticut (hereinafter the Stamford transaction). The plaintiff alleged that the defendant acted as both her attorney and an investor in these transactions, and "lured" the plaintiff into "business dealings wherein he perpetrated [*2]a general scheme to defraud her."
With respect to the Stamford transaction, the amended complaint alleged that in or about September 2016, the defendant persuaded the plaintiff to purchase six condominium units in Stamford, Connecticut. The plaintiff alleged that she later learned that the condominium units had been "flipped" by the defendant and his business partner to sell to the plaintiff at a price over and above the market price. The plaintiff alleged that the Stamford transaction netted the defendant and his business partner "approximately $139,000 profit all at [her] expense."
With respect to the Flushing transaction, the amended complaint alleged that in or about June 2017, the defendant told the plaintiff that he had several investors who were investing in a property in Flushing (hereinafter the Flushing property). The defendant told the plaintiff that he and the investors would each invest $2,000,000 to purchase the Flushing property. The defendant later told the plaintiff that $500,000 of his pledged investment was "tied up in China," and he needed to borrow $500,000 from the plaintiff to avoid "losing a substantial . . . down payment." The plaintiff agreed to lend the defendant the $500,000, and the defendant presented the plaintiff with a "Redemption Agreement" reflecting the loan, which increased the loan amount to $666,360. The amended complaint alleged that the defendant failed to repay the $666,360 as required by the redemption agreement.
The defendant moved, inter alia, pursuant to CPLR 3211(a)(1) and (5) to dismiss the amended complaint insofar as asserted against him and to impose sanctions and for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1. The defendant argued, in effect, that the plaintiff was improperly seeking to relitigate and recover on claims that were previously alleged before the American Arbitration Association and fully resolved in a settlement agreement dated March 3, 2020 (hereinafter the settlement agreement). The defendant argued that the settlement agreement contained a provision which released him from all claims asserted in the arbitration proceeding, and all claims relating to the Flushing property and the company that purchased the Flushing property (hereinafter the release). The plaintiff opposed the motion.
By order entered April 21, 2021, the Supreme Court, inter alia, granted those branches of the defendant's motion which were to dismiss the first and fifth causes of action insofar as asserted against him and so much of the second, third, fourth, and sixth causes of action insofar as asserted against him as sought to recover damages relating to the Flushing transaction. The court denied those branches of the motion which were to dismiss so much of the second, third, fourth, and sixth causes of action insofar as asserted against the defendant as sought to recover damages relating to the Stamford transaction, and to impose sanctions and for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1. The plaintiff appeals and the defendant cross-appeals.
"'To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Burgos v New York Presbyt. Hosp., 155 AD3d 598, 599, quoting Gould v Decolator, 121 AD3d 845, 847). "A settlement agreement or release affecting a claim may be the basis for a CPLR 3211(a)(1) motion to dismiss where the terms are clear and unambiguous and conclusively dispose of the matter" (Burgos v New York Presbyt. Hosp., 155 AD3d at 599; see Miller v Brunner, 164 AD3d 1228, 1230). Furthermore, CPLR 3211(a)(5) allows a party to move for dismissal on the ground that a "cause of action may not be maintained because of arbitration and award [or] release" (see Miller v Brunner, 164 AD3d at 1231).
"A release is a contract, and its construction is governed by contract law" (Schiller v Guthrie, 102 AD3d 852, 853 [internal quotation marks omitted]; see Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 962). "Generally, a valid release constitutes a complete bar to an action on a claim that is the subject of the release" (Nucci v Nucci, 118 AD3d 762, 763; see Burnside 711, LLC v Amerada Hess Corp., 175 AD3d 557, 559). "If the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties" (Nucci v Nucci, 118 AD3d at 763; see Booth v 3669 Delaware, 92 NY2d 934, 935; Mangini v McClurg, 24 NY2d 556, 563). "Where the release is unambiguous, a court may not look to extrinsic evidence to [*3]determine the parties' intent" (Burgos v New York Presbyt. Hosp., 155 AD3d at 600). A defendant bears the initial burden of establishing that he or she has been released from any claims (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276).
The Supreme Court erred in granting that branch of the defendant's motion which was to dismiss the first cause of action, alleging breach of the redemption agreement, insofar as asserted against him. It cannot be determined as a matter of law whether the release was intended to discharge the defendant from a cause of action that both relates to the Flushing property and seeks to enforce the redemption agreement (see Galster Rd. Props., LLC v Penske Truck Leasing Co., L.P., 195 AD3d 1502, 1502-1503; Mazzurco v PII Sam, LLC, 153 AD3d 1341, 1342; Desiderio v Geico Gen. Ins. Co., 107 AD3d 662, 663).
The Supreme Court properly granted those branches of the defendant's motion which were to dismiss the fifth cause of action insofar as asserted against him and to dismiss so much of the second, third, fourth, and sixth causes of action insofar as asserted against him as sought to recover damages relating to the Flushing transaction. The release clearly and unequivocally expressed the intention of the parties to relieve the defendant of liability for those claims (see O'Hara v Magee, 212 AD3d 833, 834; Durand v Salvation Army, 186 AD3d 1325, 1326; Miller v Brunner, 164 AD3d at 1231).
The Supreme Court properly denied those branches of the defendant's motion which were to dismiss so much of the second, third, fourth, and sixth causes of action insofar as asserted against him as sought to recover damages relating to the Stamford transaction. The release did not encompass the plaintiff's claims with respect to the Stamford transaction (see Clerico v Pollack, 148 AD3d 769, 771; Nucci v Nucci, 118 AD3d at 764; Wechsler v Diamond Sugar Co., Inc., 29 AD3d 681, 682).
The Supreme Court providently exercised its discretion in denying those branches of the defendant's motion which were to impose sanctions and for an award of costs and attorneys' fees pursuant to 22 NYCRR 130-1.1. The defendant failed to demonstrate that the conduct of the plaintiff, or her attorney, rose to the level of frivolous within the definition of 22 NYCRR 130-1.1 (see Rojas v Hazzard, 171 AD3d 819, 820).
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court