Saadia v National Socy. of Hebrew Day Schs., Inc. (2024 NY Slip Op 01571)

Saadia v National Socy. of Hebrew Day Schs., Inc.

2024 NY Slip Op 01571

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2020-07805
 (Index No. 500913/20)

[*1]Jack Saadia, et al., appellants, 
v
National Society of Hebrew Day Schools, Inc., respondent.

Shapiro & Associates, PLLC, New York, NY (Saadia Shapiro of counsel), for appellants.
Sukenik, Segal & Graff, P.C., New York, NY (Douglas Segal of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property and to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated September 1, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and to cancel a notice of pendency.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss so much of the first cause of action as was for specific performance and the second cause of action, alleging breach of contract, and to cancel the notice of pendency, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.
In December 2016, the defendant entered into a contract for the sale of certain real property located in Brooklyn to the plaintiff Jack Saadia "or an entity to be formed by him." The plaintiff 1966 Coney Island, LLC, was subsequently formed to purchase the property. Jack Saadia is the principal of that entity. In May 2018, the plaintiffs commenced an action against the defendant, among others, for, inter alia, specific performance of the contract. That action was settled pursuant to a stipulation of settlement dated July 23, 2019 (hereinafter the stipulation), which, among other things, altered certain terms of the contract and set a new closing date of October 24, 2019. The parties, however, failed to close.
In January 2020, the plaintiffs commenced this action, asserting causes of action, inter alia, for specific performance (first cause of action) and to recover damages for breach of contract (second cause of action) and unjust enrichment and in quantum meruit (third cause of action). The complaint alleged, among other things, that the plaintiffs were ready, willing, and able to close on the purchase of the premises, but the defendant failed to appear at the scheduled closing date. Additionally, the complaint alleged that the plaintiffs subsequently appeared at the offices of the defendant's counsel in November 2019 in order to close on the purchase of the premises, but the defendant refused to pay the transfer taxes as required by the terms of the contract and, therefore, the [*2]closing did not take place. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and to cancel a notice of pendency, contending, inter alia, that a limitation of damages provision in the stipulation precluded the plaintiffs from seeking specific performance of the contract or monetary damages for breach of contract. In an order dated September 1, 2020, the Supreme Court granted the motion, and the plaintiffs appeal.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]o be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790 [citation and internal quotation marks omitted]; see Fontanetta v John Doe 1, 73 AD3d 78, 86). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Eisner v Cusumano Constr., Inc., 132 AD3d 940, 941 [internal quotation marks omitted]; see McDonald v O'Connor, 189 AD3d 1208, 1210). "Letters, emails, and affidavits are not documentary evidence" (McDonald v O'Connor, 189 AD3d at 1210; see Shah v Mitra, 171 AD3d 971, 973).
On a motion pursuant to CPLR 3211(a)(7), the court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the Supreme Court should have denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(1) to dismiss so much of the first cause of action as was for specific performance and the second cause of action, alleging breach of contract. The letters, emails, and affirmation of the defendant's principal submitted by the defendant in support of its motion were not documentary evidence within the meaning of CPLR 3211(a)(1) (see Leader v Steinway, Inc., 180 AD3d 886, 888; Shah v Mitra, 171 AD3d at 973). Although contracts may qualify as documentary evidence within the meaning of CPLR 3211(a)(1) (see McDonald v O'Connor, 189 AD3d at 1210), the contract, the stipulation, and other documentary evidence submitted in support of the defendant's motion did not utterly refute the plaintiffs' factual allegations.
Contrary to the defendant's contention, it failed to establish, as a matter of law, that the limitation of damages provision in the stipulation precluded the plaintiffs from seeking specific performance of the contract or monetary damages for breach of contract. "Where . . . a seller sabotages efforts to close the deal, remedy limitation clauses in the contract of sale do not bar a buyer from obtaining specific performance" (Goldstein v Held, 63 AD3d 881, 882). Further, "[a] vendor of real property who breaches the contract of sale in bad faith cannot limit the damages recoverable by the injured purchaser by relying on a contractual limitation" (BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am., 247 AD2d 565, 568). Here, the complaint, as amplified by Saadia's affidavit, alleged that the parties agreed to reschedule the closing date beyond the deadline set forth in the stipulation and that the defendant's principal appeared on the rescheduled closing date. Additionally, the plaintiffs alleged that the defendant failed to appear at the initial scheduled closing date and then refused at the subsequent rescheduled closing date to pay the transfer taxes as required by the terms of the contract. Under the circumstances of this case, the contract, the stipulation, and other documentary evidence submitted in support of the defendant's motion did not utterly refute the plaintiffs' factual allegations and [*3]conclusively establish a defense as a matter of law to so much of the first cause of action as was for specific performance and the second cause of action, alleging breach of contract (cf. Goldstein v Held, 63 AD3d 881, 882; Naso v Haque, 289 AD2d 309, 310; cf. also SDK Prop. One, LLC v QPI-XXXII, LLC, 143 AD3d 800, 802).
The Supreme Court also should have denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss so much of the first cause of action as was for specific performance and the second cause of action, alleging breach of contract. The evidentiary materials submitted by the defendant did not demonstrate, as a matter of law, that the plaintiffs do not have viable causes of action for specific performance or to recover damages for breach of contract (see generally Guggenheimer v Ginzburg, 43 NY2d at 275).
Since so much of the first cause of action as was for specific performance should not be dismissed, the Supreme Court also should have denied that branch of the defendant's motion which was to cancel the notice of pendency.
However, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, alleging unjust enrichment and to recover in quantum meruit. "[T]he existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388; Klein v Deutsch, 193 AD3d 707). Here, recovery on unjust enrichment and quantum meruit theories is precluded, since that cause of action arose out of the same subject matter concerning which the parties had a valid contract.
The plaintiffs' remaining contention is without merit.
MALTESE, J.P., FORD, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court