Fehringer v MLJ Contr. Corp.
2026 NY Slip Op 03779
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Peter Fehringer, respondent,
v
MLJ Contracting Corp., appellant (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2023-11624, (Index No. 510452/22)
Mark C. Dillon, J.P.
Lara J. Genovesi
Donna-Marie E. Golia
Phillip Hom, JJ.

Ropers Majeski, New York, NY (Scott J. Laird of counsel), for appellant.
Elefterakis Elefterakis & Panek, New York, NY (Eileen Kaplan and Harris Zakarin of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated August 9, 2023. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
Following an alleged incident, the plaintiff and his employer, Garden State Engineering, Surveying & Planning of New York, Inc., entered into an agreement, pursuant to which the plaintiff, inter alia, agreed not to sue the defendant, MLJ Contracting Corp., among others, in exchange for certain compensation (hereinafter the agreement). In April 2022, the plaintiff commenced this action against the defendant, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6) after he allegedly was injured on the defendant's worksite when he purportedly tripped and fell over construction debris.
In September 2022, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the action was barred by a release. In an order dated August 9, 2023, the Supreme Court denied the motion. The defendant appeals.
"CPLR 3211(a)(5) allows a party to move for dismissal on the ground that a 'cause of action may not be maintained because of arbitration and award . . . or . . . release'" (Huli Ma v Hui Chen, 221 AD3d 869, 871, quoting CPLR 3211[a][5]; see Miller v Brunner, 164 AD3d 1228, 1231). "A defendant bears the initial burden of establishing that he or she has been released from any claims" (Burgos v New York Presbyt. Hosp., 155 AD3d 598, 600; see Huli Ma v Hui Chen, 221 AD3d at 872). "'In resolving a motion for dismissal pursuant to CPLR 3211(a)(5), the plaintiff's allegations are to be treated as true, all inferences that reasonably flow therefrom are to be resolved in his or her favor, and where . . . the plaintiff has submitted an affidavit in opposition to the motion, it is to be construed in the same favorable light'" (Sacchetti-Virga v Bonilla, 158 AD3d 783, 784, quoting Ford v Phillips, 121 AD3d 1232, 1234; see Wei Qiang Huang v Llerena-Salazar, 222 AD3d 1033, 1034).
Here, the defendant submitted, inter alia, the agreement, executed by the plaintiff and which, by its terms, provided that the plaintiff agreed "not [to] sue" certain entities, including the defendant. Although the agreement concerned a prior incident from which liability could arise, nothing therein clearly and unequivocally evinced an intent to release the defendant from the consequences of its own alleged negligence (see Colton v New York Hosp., 53 AD2d 588, 589; cf. McMahan & Co. v Bass, 250 AD2d 460, 461). Accordingly, the Supreme Court properly denied dismissal of the complaint pursuant to CPLR 3211(a)(5).
Under CPLR 3211(a)(1), "[a] party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . a defense is founded upon documentary evidence." "'To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Gorunkati v Baker Sanders, LLC, 179 AD3d 904, 906, quoting Garcia v Polsky, Shouldice & Rosen, P.C., 161 AD3d 828, 829). "To qualify as documentary evidence, the evidence 'must be unambiguous and of undisputed authenticity'" (Shah v Mitra, 171 AD3d 971, 973, quoting Fontanetta v John Doe 1, 73 AD3d 78, 86). "Letters, emails, and affidavits are not documentary evidence" (McDonald v O'Connor, 189 AD3d 1208, 1210; see Saadia v National Socy. of Hebrew Day Schs., Inc., 225 AD3d 806, 808). A release "may be the basis for a CPLR 3211(a)(1) motion to dismiss where the terms are clear and unambiguous and conclusively dispose of the matter" (Huli Ma v Hui Chen, 221 AD3d at 871 [internal quotation marks omitted]; see Burgos v New York Presbyt. Hosp., 155 AD3d at 599).
Here, the defendant submitted the agreement, as well as affidavits and other documentary evidence, in support of the motion. As the plaintiff correctly contends, the affidavits and emails relied upon by the defendant did not constitute documentary evidence (see Saadia v National Socy. of Hebrew Day Schs., Inc., 225 AD3d at 808; McDonald v O'Connor, 189 AD3d at 1210). With respect to the remaining documents, the agreement and payroll records failed to utterly refute the plaintiff's factual allegations (see Huli Ma v Hui Chen, 221 AD3d at 872; Gorunkati v Baker Sanders, LLC, 179 AD3d at 906). Accordingly, the Supreme Court properly denied dismissal of the complaint pursuant to CPLR 3211(a)(1).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court